CUSTODY OF A MINOR (NO. 3).

Middlesex.  August 8, 1984. — August 13, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, & NOLAN, JJ.

*Divorce and Separation,* Custody of child, Foreign divorce, Foreign deter-
    mination as to custody of child.  *Probate Court,* Jurisdiction, Custody
    of child.  *Residence.  Jurisdiction,* Custody of child.

It was held that, in the circumstances, a determination of a court in Australia
    concerning the custody of a minor child living in Massachusetts with
    his mother and stepfather satisfied the standards of G. L. c. 209B, the
    Massachusetts Child Custody Jurisdiction Act, and that Massachusetts
    courts should not exercise jurisdiction to make a custody determination
    in the matter. [731-736]

PETITION filed in the Middlesex Division of the Probate and
Family Court Department on January 17, 1984.

COMPLAINTS seeking custody of minor children and modifi-
cation of an order for custody, filed in the Middlesex Division
of the Probate and Family Court Department on January 17
and January 20, 1984, respectively.

The cases were heard by *Sweeney,* J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initia-
tive.

*Lawrence G. Green* (*Elizabeth A. Zeldin* with him) for the
minor.

*David M. Wright* for the mother.

WILKINS, J.  This case presents the question whether the
courts of this Commonwealth should defer to a determination
of a court in Australia concerning the custody of a minor child,
an Australian citizen, now in the Commonwealth with his
mother, but purportedly subject to custody orders of the Family
Court of Australia.  This issue concerns G. L. c. 209B, the
Massachusetts Child Custody Jurisdiction Act, enacted in 1983

(St. 1983, c. 680, § 1), and largely modeled on the Uniform Child Custody Jurisdiction Act. See 9 U.L.A. 111 (Master ed. 1979). A judge of the Probate and Family Court determined that under G. L. c. 209B the Australian court lacked jurisdiction and that the Probate and Family Court had jurisdiction over the question of custody of the child. We conclude that the Australian court had jurisdiction over the question of custody of the child, that in the circumstances the courts of Massachusetts should not exercise jurisdiction over that question, and that the Australian order awarding custody of the child to the father should be enforced.

The husband and wife, Australian citizens, were married in Australia in 1968. A daughter was born in 1970, and a son in 1972. The husband and wife were divorced in Sydney, Australia, in 1977. In 1979, the wife was awarded sole custody of the children, and the husband was given reasonable visitation rights. The wife remarried in 1980. The husband has also remarried. In 1982, the employer of the wife's husband offered him a three-year assignment in Massachusetts. Thereupon the wife sought court permission to remove the children from Australia. The parties consented to an order of December 22, 1982, under which the daughter was to return to Australia for two weeks in December, 1983, or January, 1984, and was to return permanently not later than July 31, 1984, to be in the day-to-day care of her father until her mother's return to Australia. The order provided as to the son that he should return to Australia "not later than the 14th day of January, 1984" to commence his secondary education and that, until his mother's return, he should be in the day-to-day care of his father. The wife, her husband, and the two children came to Massachusetts in February, 1983, where the children attend public school in the town in which they live. Although the wife initially made appropriate arrangements to return the children to Australia at the end of 1983, she changed her mind on the asserted ground that her husband had taken a permanent position in this country with his employer. Early in December, 1983, her husband advised the father by telephone that the children would not be returning to Australia because they were to remain in this country permanently.

The husband sought relief from the Family Court in Sydney. After a hearing, upon adequate notice to the wife and at which she was represented by counsel, the court issued an order on January 13, 1984, that the husband have the guardianship and custody of the son and that the son be returned to the husband forthwith at the husband's expense. The order further provided that a warrant issue directing that the son be delivered to the husband and that "either party be at liberty to restore this matter to the list on seven (7) days notice." The wife has appealed from this Australian order. The Australian judge, who had dealt with earlier custody matters concerning the children, denied the wife's application for a stay pending appeal.

Several days later the husband was in Massachusetts and filed a petition in the Probate and Family Court for Middlesex County, pursuant to G. L. c. 248, § 35, seeking enforcement of the January 13, 1984, order and custody of his son.[1] On January 17, the wife filed a complaint for custody of both children and on January 20 a complaint seeking modification of the December 22, 1982, order of the Australian court. The husband moved to dismiss the wife's complaints for lack of jurisdiction. The judge considered, first and separately, the matter of his jurisdiction to consider the custody dispute. In his February 15, 1984, memorandum of decision the judge ruled that, when the January 13, 1984, order was entered, the Australian court had no jurisdiction under the standards of G. L. c. 209B. He also ruled that, under G. L. c. 209B, the Massachusetts court had jurisdiction of all three proceedings. The judge dismissed the husband's action seeking enforcement of the Australian custody order. A single justice of the Appeals Court granted the husband leave to appeal from the determination that the Probate and Family Court "has jurisdiction over this matter." We transferred the appeal to this court on our own motion, and heard argument on August 8, 1984.

---

[1] The father asserts before us that he did not seek relief in Australia or here as to the daughter because under the December 22, 1982, order she was not to return to Australia permanently until July, 1984.

Although we are concerned with a custody determination of a court in a foreign country and not with a judgment of a sister State, the parties do not challenge the application of the Massachusetts Child Custody Jurisdiction Act (G. L. c. 209B) to these cases.[2] Section 14 of G. L. c. 209B provides that "[t]o the extent that the legal institutions of other nations have rendered custody determinations in substantial conformity with the provisions of this chapter, the courts of the commonwealth shall grant due recognition to such determinations."[3] Courts of other States have appropriately applied the Uniform Child Custody Jurisdiction Act to internal custody disputes. See *Miller* v. *Superior Court,* 22 Cal. 3d 923, 930 (1978); *Woodhouse* v. *District Court in & for the Seventeenth Judicial Dist.,* 196 Colo. 558, 559 (1978); *Brown* v. *Tan,* 395 So. 2d 1249, 1251 n.1 (Fla. Dist. Ct. App. 1981); *Commonwealth ex rel. Zaubi* v. *Zaubi,* 275 Pa. Super. 294, 299, aff'd, 492 Pa. 183, 185-186 (1980).

The mother concedes that the Australian court had jurisdiction over the question of her son's custody when that court issued its various orders.[4] She further concedes that "the procedural and substantive custody law of Australia appears reasonably comparable to that of the Commonwealth."

---

[2] Chapter 209B was approved on December 21, 1983 (St. 1983, c. 680), and became effective thirty days later (see art. 48 of the Amendments to the Constitution of the Commonwealth, The Referendum, I and III, § 2; G. L. c. 4, § 1), before the hearing and decision of the trial judge on the question of jurisdiction.

[3] The Uniform Child Custody Jurisdiction Act has a similar but not identical provision. Section 23 of the Uniform Act (9 U.L.A. 167 [1979]) provides: "The general policies of this Act extend to the international area. The provisions of this Act relating to the recognition and enforcement of custody decrees of other states apply to custody decrees and decrees involving legal institutions similar in nature to custody institutions rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons."

[4] The trial judge concluded that "[a]t the time the Australian Order was entered in December 1983 [*sic*] [January 13, 1984], that Court under the standards of M.G.L. c. 209B had no jurisdiction." The Australian court had jurisdiction under its own law over the matter of the custody of the son. See Family Law Act 1975, § 4 (1) and § 39 (4) (a) and (b). Under the standards of G. L. c. 209B, the Australian court had jurisdiction at the time of the commencement of the proceedings in which the custody orders were entered and continues to have jurisdiction.

On the other hand, the husband is in error in asserting that the lower court had no jurisdiction under G. L. c. 209B to consider the question of custody. Under G. L. c. 209B, § 2 (*a*), a court "which is competent to decide child custody matters has jurisdiction to make a custody determination . . . if (1) the commonwealth . . . is the home state of the child on the commencement of the custody proceeding." Because the son had lived in Massachusetts with his mother for at least six consecutive months preceding the date of commencement of the custody proceedings, Massachusetts by definition was the home State of the son. G. L. c. 209B, § 1. The only remaining question, in order to find jurisdiction in the lower court, is whether it was a court "competent to decide child custody matters." G. L. c. 209B, § 2 (*a*). In general terms, there is no question of the competency of the Probate and Family Court to determine child custody matters. If that competency is to be determined not by general principles but by consideration of the power of that court to determine the custody of this particular child, G. L. c. 208, § 29, grants that power, following a divorce granted elsewhere, as to minor children who are residents or inhabitants of the Commonwealth. An inhabitant is a domiciliary of the Commonwealth. *Glass* v. *Glass,* 260 Mass. 562, 565 (1927). We need not determine whether the son was a domiciliary of Massachusetts, an issue which would turn on the question of which parent has "lawful custody" of the son. See *Gil* v. *Servizio,* 375 Mass. 186, 189 (1978). Applying principles expressed in the *Gil* case (*id.* at 190-192), we conclude that a child who has lived with his mother and stepfather in Massachusetts for approximately one year and has attended school here during that time is a resident for the purposes of G. L. c. 208, § 29.

The husband, of course, does not claim that the lower court lacked jurisdiction to enforce the custody order of the Australian court pursuant to his petition, under G. L. c. 209B, § 12, for custody of his son. He does argue that the judge may not act favorably on the wife's complaints for custody and for modification of the Australian orders so as to grant her permanent custody of her son. The issue is not whether the judge had juris-

diction to act on the wife's complaints but rather whether, under G. L. c. 209B, the judge should exercise that jurisdiction in the face of the Australian custody orders. With exceptions that are not applicable here, G. L. c. 209B, § 2 (*d*), provides that a Massachusetts court should "not exercise jurisdiction in any custody proceeding commenced during the pendency of a proceeding in a court of another state where such court of that state is exercising jurisdiction consistently with the provisions of this section for the purpose of making a custody determination."[5] This provision, designed generally to apply to situations in which no custody determination has yet been made on a matter pending before a foreign court, seems equally applicable to a situation in which, as here, an appeal is pending from a custody determination of a foreign court. See *Bull* v. *Bull,* 109 Mich. App. 328, 342 (1981). The trial judge made no reference to § 2 (*d*) in his rulings. We read § 2 (*d*) as telling Massachusetts judges not to act when custody proceedings are pending in another State and the circumstances described in that section exist.

The husband also relies of § 2 (*e*), to which the trial judge did not refer in his findings. Section 2 (*e*) provides that a Massachusetts court shall not modify a custody determination of another State made "in substantial conformity with [G. L. c. 209B]" unless the foreign court "does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter" (or unless the foreign court has declined jurisdiction to modify its determination). We see no basis on this record for concluding that the Australian custody determination was not made in substantial conformity with G. L. c. 209B or for concluding that the Australian court does

---

[5] Section 2 (*d*) states in full: "A court of the commonwealth shall not exercise jurisdiction in any custody proceeding commenced during the pendency of a proceeding in a court of another state where such court of that state is exercising jurisdiction consistently with the provisions of this section for the purpose of making a custody determination, except in accordance with paragraph (3) of subsection (*a*), unless the court of the other state shall decline jurisdiction pursuant to paragraph (4) of subsection (*a*) or shall stay its proceedings or otherwise defer to the jurisdiction of a court of the commonwealth."

not now have jurisdiction under the jurisdictional prerequisites of G. L. c. 209B. Chapter 209B concerns procedural, and not substantive, requirements, such as jurisdiction (§ 2), presenting essential information to the court (§ 3), the determination of the proper parties to the proceeding (§ 4), notice (§§ 5, 6), and the taking of testimony (§§ 9, 10). There is nothing in G. L. c. 209B that indicates that a Massachusetts court has discretion not to follow the mandates of § 2 (*d*) and (*e*) or has the right to consider the substantive propriety of the underlying decision of the foreign court. If a Massachusetts court had the power to disregard a foreign judgment by considering the propriety of that judgment in a substantive, rather than a procedural, sense, the very purpose of the law would be undermined. See St. 1983, c. 680, § 2. Our conclusion concerning the application of § 2 (*d*) and (*e*) to bar interference with valid custody determinations of other jurisdictions is consistent with views expressed elsewhere under the Uniform Act. See *Kumar* v. *Superior Court,* 32 Cal. 3d 689, 696-698 (1982); *Woodhouse* v. *District Court in & for the Seventeenth Judicial Dist.,* 196 Colo. 558, 559-560 (1978); *Steele* v. *Steele,* 250 Ga. 101, 105 (1982); *State ex rel. Marcrum* v. *Marion County Superior Court, Civil Div.,* 273 Ind. 222, 230-231 (1980).[6]

We decline the wife's invitation to consider whether the Australian judge properly applied the substantive law of Australia in issuing the order of January 13, 1984, whose enforcement is sought here. That is a matter rightly presented in the

---

[6] If jurisdiction A has issued a custody order and jurisdiction B subsequently issues an inconsistent custody order without proper recognition of jurisdiction A's order, it has been held under the Uniform Act that jurisdiction A need not defer to jurisdiction B's order. See *Allison* v. *Superior Court,* 99 Cal. App. 3d 993, 999-1000 (1979). If there is inadequate notice to a party of the custody proceeding, a State would not be exercising jurisdiction in accordance with the Act and that State's determination would not have to be followed. Of course, if there is an emergency requiring court action "to protect the child from abuse or neglect or for other good cause shown" (G. L. c. 209B, § 2 [*a*] [3]), the Act does not require a Massachusetts court to decline to exercise jurisdiction. See G. L. c. 209B, § 2 (*d*).

wife's appeal from that order, which (we are advised) was argued on July 31, 1984. Nor do we accept the wife's invitation to exercise our independent judgment as to whether, in the circumstances, Massachusetts should exercise jurisdiction.[7] This option is foreclosed to us by § 2 (*d*) and (*e*).

We add a comment about the enforcement of custody determinations of foreign countries. Under G. L. c. 209B, § 14, the courts of this Commonwealth must "grant due recognition" to such determinations if those determinations have been rendered in substantial conformity with G. L. c. 209B. One can imagine a case in which recognition of a foreign country's custody determination would not be due. In *Schiereck* v. *Schiereck,* 14 Mass. App. Ct. 378, 380 (1982), the Appeals Court laid down standards that should be met before a Massachusetts court should uphold a foreign custody order. The foreign court must have had jurisdiction over the parties and the subject matter. This requirement is reflected in G. L. c. 209B and is met in this case. The procedural and substantive law applied by the foreign court must be reasonably comparable to the law of the Commonwealth. For the purposes of this case, we assume that that standard survives the enactment of G. L. c. 209B. The wife concedes that the Australian law is reasonably comparable to our law. We would grant that we might not enforce a foreign custody determination made in an arbitrary or capricious manner, even if the applicable foreign law were comparable. Here, however, we see no indication of arbitrary or capricious action and no suggestion that any prejudicial error cannot be rectified by the wife's appeal. The wife had ample notice of the proceeding and was represented by counsel. Finally, as the Appeals Court said, the foreign order must be based on a determination of the best interests of the child. This is a corollary to the requirement that the foreign substantive law must be reasonably comparable to ours. Here the Australian judge expressly recognized that standard

---

[7] In *Murphy* v. *Murphy,* 380 Mass. 454, 461-463 (1980), we considered the circumstances of a case involving an Arizona order and concluded that it was an abuse of discretion to permit a simultaneous proceeding in Massachusetts.

("welfare of the child as the paramount consideration" — Family Law Act 1975, § 64 [1] [a]) in his order of January 18, 1984, denying the wife a stay of the order pending her appeal. We see nothing to indicate that the Australian judge did not undertake to apply the appropriate law. Cf. *Bull* v. *Bull,* 109 Mich. App. 328, 342-343 (1981) (Georgia custody order not enforced under the Uniform Act because of danger to child and because custody determination was made "without any consideration of what was in the best interests of the child").

The wife argues that we should not enforce the January 13, 1984, custody order because it is punitive — designed to enforce the terms of the December 22, 1982, order under which the son was to return permanently to Australia by the middle of January, 1984. It is true that the wife has violated the court's order to return her son to Australia in January, 1984. By her unilateral action, which is analogous to taking her son from Australia contrary to court order, the wife failed to comply with the December 22, 1982, order of the Australian court. That fact is not irrelevant in deciding whether independent custody proceedings should be permitted in this State. See *Murphy* v. *Murphy,* 380 Mass. 454, 462 (1980). The wife could have sought a modification by the Australian court of that court's order of December 22, 1982. By the terms of the January 13, 1984, order, the matter even now may be reopened on seven days' notice. The order of January 13, 1984, requires that the son should be returned to Australia to be in the custody of his father until either that order is reversed on appeal and a new custody hearing is held or until, at the wife's option, the entire matter of custody is reconsidered in Australia in light of then existing circumstances. The January 13, 1984, order of the Australian court is not of such a punitive nature as to justify denying its enforcement. The December, 1982, order that the son return to Australia was not punitive. The wife agreed to it. In effect, the order sought to be enforced here is not significantly different from an order simply directing compliance with the December, 1982, order with respect to the son's return to Australia.

The trial judge's ruling of law that the Australian court lacked jurisdiction of the custody proceedings is vacated. The judgment dismissing the husband's action seeking enforcement of the Australian court's order is also vacated. Because, in the circumstances, the courts of the Commonwealth should not enter an order concerning custody of the son or an order modifying the orders of the Australian court, judgments should be entered dismissing the wife's complaint for custody and her complaint for modification. The husband's petition to obtain custody of his son pursuant to the Australian order of January 13, 1984, should be allowed forthwith. The question whether, under G. L. c. 209B, § 12 (*b*), the wife shall be required to pay reasonable and necessary expenses, including attorneys' fees, shall be considered in the Probate and Family Court. The rescript of this court shall issue forthwith. Mass. R. A. P. 23, as amended, 367 Mass. 920 (1975).

*So ordered.*