CARE AND PROTECTION OF VIVIAN.

Suffolk. May 1, 1995. - July 26, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Parental Kidnapping Prevention Act. Divorce and Separation*, Child cus-
tody, Foreign determination as to custody of child. *Jurisdiction*, Cus-
tody of child. *Parent and Child*, Care and protection of minor.

The Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A
(1988), preempted a nonemergency care and protection proceeding
seeking custody of a child initiated by the Department of Social Ser-
vices under G. L. c. 119, § 24, where proceedings for a modification of
a custody order were pending in another State which had jurisdiction
over the question of the child's custody. [881-885]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on June 15, 1994.

The case was reported by *Greaney*, J.

*Rosemary S. Gale*, Assistant Attorney General, for De-
partment of Social Services.

*Deborah Sirotkin Butler* for the father.

WILKINS, J. A single justice of this court has reported to
the full court the question whether, in light of the Federal
Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.
§ 1738A (1988), a Massachusetts court may properly con-
sider and decide a nonemergency care and protection pro-
ceeding when custody proceedings concerning the child are
pending in another State that has jurisdiction over the child
custody question. We answer that, on the facts of the case, a
judge in the Wareham Division of the District Court could
not properly enter a custody order in the care and protection
proceeding because to do so would contravene the mandate
of the PKPA.

The question comes before us in the following circumstances. The parents of Vivian[1] were married in Massachusetts in 1978. Vivian was born in March, 1985. In 1991 her parents were divorced in Utah where they had been living. The court awarded custody of Vivian to the mother, and the two returned to Massachusetts. In January, 1994, apparently in response to the father's petition to modify the custody order, a judge of a Utah court awarded temporary custody of Vivian to her father. On February 3, 1994, after consultation with the Utah judge, a judge in the Plymouth County Probate and Family Court dismissed the mother's complaint for modification of the Utah divorce decree on the ground that the PKPA required the judge to defer to the Utah court's jurisdiction.

The next day, in response to a report by Vivian's psychotherapist that Vivian's father had touched her inappropriately, and acting pursuant to G. L. c. 119, § 24 (1994 ed.), the Department of Social Services (department) filed a petition for the care and protection of Vivian in the Wareham District Court. A judge awarded temporary custody of Vivian to the department. Subsequently, the judge denied the father's motion to dismiss the care and protection proceeding. In June, 1994, the department declined to permit Vivian to travel to Utah in connection with the custody contest pending there.

On June 14, 1994, the father filed his complaint in this proceeding seeking an order that the department immediately present Vivian to the Utah court. His request was based on his assertion that the Wareham District Court had no jurisdiction to entertain the nonemergency care and protection proceeding. The single justice treated the complaint as seeking relief under G. L. c. 211, § 3 (1994 ed.). He concluded, on the basis of *Archambault* v. *Archambault*, 407 Mass. 559 (1990), but recognizing the division of authority on the issue elsewhere, that the care and protection proceeding improperly interfered with the Utah court's exercise of

---

[1]We use a pseudonym.

jurisdiction over the subject of Vivian's custody. He concluded that the care and protection proceeding delayed resolution of the custody dispute, interfered with the Utah court's efforts by withholding a witness considered essential, obstructed cooperation between Massachusetts and Utah courts, and frustrated the over-all purpose of the PKPA to encourage comity among the States. He saw no reason to believe that Utah courts and social agencies could not deal adequately with the allegations of abuse. The single justice ordered that the Wareham District Court direct Vivian to appear in the Utah court. See G. L. c. 209B, § 11 (*b*), first par. (1994 ed.). Although the single justice's order made moot the issue of the District Court's jurisdiction, he regarded the question as important and capable of repetition and accordingly reported the jurisdictional question to the full court.[2]

The PKPA provides in § 1738A (a) that "[t]he appropriate authorities of every State shall enforce according to its terms, and shall not modify [with an exception not relevant here] any child custody determination made consistently with the provisions of this section by a court of another State." A " 'child custody determination' means a judgment, degree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications." 28 U.S.C. 1738A (b) (3). There is no doubt here that Utah had jurisdiction over the custody dispute and that, as to any custody contest between Vivian's parents, the Utah courts, and not Massachusetts courts, had jurisdiction. See G. L. c. 209B, § 2 (1994 ed.). See also *Custody of a Minor (No. 3)*, 392 Mass. 728, 733 (1984). The department argues that a care and protection proceeding is not included within PKPA's definition of a custody determination. The department grants that, if its ar-

---

[2]The question reported is "whether the Federal Kidnapping Prevention Act, 28 U.S.C. § 1738A (1988), preempts a care and protection proceeding, initiated in the context of a lengthy custody dispute, where proceedings for a modification of custody are pending in another State which has jurisdiction over the question of a child's custody."

gument is rejected and an order in a care and protection proceeding is a custody determination, the custody order awarding the department custody of Vivian contravened § 1738A (a) of the PKPA.

The department points to the definition of a custody proceeding in G. L. c. 209B (1994 ed.), the Massachusetts version of the Uniform Child Custody Jurisdiction Act (UCCJA). A care and protection proceeding is included in the UCCJA's definition of a custody proceeding, and the UCCJA treats a custody order in such a proceeding as a custody determination. *Id.* at § 1. In the department's view, the absence of a similar reference in the PKPA demonstrates that a care and protection proceeding is not a custody determination for the purposes of the PKPA.

Our concern is whether Congress intended that the PKPA preempt the right of a State to grant custody to its social services department in the circumstances of this case. See *Archambault* v. *Archambault, supra* at 564-564, and cases cited. A strong argument can be made that Congress, although not using the word "preemption," expressed precisely that view when it said that State authorities must enforce child custody determinations and "shall not modify" any such determination. 28 U.S.C. § 1738A (a). The temporary order in this case granting custody to the department runs contrary to, and thus purports to modify, the temporary custody award that the Utah court made.

We find unpersuasive those opinions in other jurisdictions that have relied on the absence of a reference to care and protection proceedings in the PKPA and on the PKPA's concern about kidnapping to justify the conclusion that the PKPA does not preempt custody orders in care and protection proceedings. See *L.G.* v. *People,* 890 P.2d 647, 661-662 (Colo. 1995); *In re L.W.,* 241 Neb. 84, 105-106 (1992); *State ex rel. Dep't of Human Servs.* v. *Avinger,* 104 N.M. 255, 257 (1986). There is no such close parallel between the relevant provisions of the PKPA and the UCCJA that we should attribute controlling significance to the absence of an explicit reference to care and protection proceedings in the

PKPA's definition of custody determination. Nor do we obtain guidance from the fact that this case does not involve a kidnapping by a noncustodial parent. Obviously, the PKPA concerns much more than kidnapping. It requires comity among the States by prescribing a statutory full faith and credit provision. See *Thompson* v. *Thompson*, 484 U.S. 174, 181 (1988) ("The context of the PKPA therefore suggests that the principal problem Congress was seeking to remedy was the inapplicability of full faith and credit requirements to custody determinations").

Opinions concluding that PKPA preempts care and protection proceedings of the type involved here are more persuasive. See *Matter of Pima County Juvenile Action No. J-78632*, 147 Ariz. 527, 533 (Ct. App. 1985) ("Although dependency proceedings are not expressly referenced in the [PKPA], there is nothing to indicate that it was intended to be limited solely to custody disputes between parents"), vacated on other grounds, 147 Ariz. 584 (1986); *Matter of E.H.*, 612 N.E.2d 174, 183 (Ind. Ct. App.) (rejecting claim that court in child in need of services [CHINS] proceeding may automatically exercise jurisdiction to exclusion of all other courts when State agency files CHINS petition), aff'd, 624 N.E.2d 471 (Ind. 1993).[3] *State ex rel. D.S.K.*, 792 P.2d 118, 129 (Utah Ct. App. 1990) ("Both the statutory language and explicit congressional purposes of the PKPA, mandate application of the PKPA to *any* proceeding in which modification of a foreign custody decree is at issue, regardless of how those proceedings are defined by a state" [emphasis in original]).[4] See also *State ex rel. Dep't of*

---

[3]"Thus, a court may not unilaterally modify a preexisting custody determination of another state (including a determination of visitation rights) without the latter's consent where, as here, the parties, including the children, resided in the other state when the determination was originally made and one of the parties continues to reside there." *Matter of E.H.*, 612 N.E.2d 174, 183 (Ind. Ct. App.), aff'd, 624 N.E.2d 471 (Ind. 1993).

[4]The Utah court added: "Further, holding that the PKPA does not apply to neglect and dependency proceedings would allow a forum-shopping parent to avoid the PKPA by simply transporting a child to another state and alleging that the other parent has neglected the child. Such a result

*Human Servs.* v. *Avinger, supra* at 261 (Walters, J., concurring in part and dissenting in part) ("Both the statutory language and explicit congressional purposes of the Act unmistakably mandate application of the PKPA to *any* proceeding in which modification of a foreign custody decree is at issue, regardless of how those proceedings are labeled or defined by a state" [emphasis in original]).

The purposes of the PKPA would be undercut if we were to permit a State, often with the active participation of one of a child's parents, to initiate nonemergency proceedings that could countermand an outstanding custody order of a State that has jurisdiction of the child custody matter. It was this same reasoning that led to this court's conclusion in *Archambault* v. *Archambault*, 407 Mass. 559 (1990). We held there that the PKPA implicitly preempted a Massachusetts amendment to G. L. c. 209B, § 11 (*b*), that sought to impose a Massachusetts limitation that no child be compelled to appear in a child custody proceeding in another State, if a Massachusetts judge found probable cause to believe that the child may be placed in jeopardy or exposed to risk of harm by a return to the other State. *Id.* at 569. We said that the hearing with its attendant delay itself frustrated the purposes of the PKPA. *Id.* at 570. We said, moreover, that the Massachusetts amendment would frustrate the PKPA's general goal of encouraging comity between States. *Id.*

We answer the reported question in the affirmative be-

---

would be inconsistent with the purposes of the PKPA. Thus, we determine that the PKPA is applicable to all interstate custody proceedings affecting a prior custody award by a different state, including neglect and dependency proceedings." *State ex rel. D.S.K.*, 792 P.2d 118, 130 (Utah Ct. App. 1990).

cause the PKPA preempts a care and protection proceeding in the circumstances of this case.[5]

---

[5] Our answer does not apply when there is a problem of the character described in the PKPA, 28 U.S.C. § 1738A (c) (1) (C): "the child has been abandoned" or "it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse." See G. L. c. 209B, § 2 (a) (3) (1994 ed.); Coombs, Interstate Child Custody: Jurisdiction, Recognition, and Enforcement, 66 Minn. L. Rev. 711, 775-776 (1982).