Richard Scott MAHONEY, Respondent,

v.

Vickie Chavee MAHONEY, Appellant.

No. WD 64275.

Missouri Court of Appeals,
Western District.

May 17, 2005.

Robert Paden, Jr., Independence, for Appellant.

James H. Young, Lee's Summit, for Respondent.

RONALD R. HOLLIGER, Judge.

Vickie Mahoney ("Mother") appeals the judgment of the trial court modifying physical (and, perhaps, legal) custody regarding the sole child of her marriage to Richard Mahoney ("Father"). She first contends that the trial court did not have jurisdiction pursuant to the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. Section 1738A, to make a custody determination with regard to the child. Alternatively, she contends that the trial court's judgment should be reversed on the grounds that the trial court's conclusion that the custody modifications were in the child's best interest was against the weight of the evidence. We find that the court had jurisdiction but reverse and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father originally resided in Florida at the time they married in 1997.

The parties apparently encountered marital difficulties, and Father moved in August 1998 to Chicago, Illinois, after finding employment in the area. Mother later followed Father and also moved back in with Father. The parties' sole child was born on February 11, 2000. Roughly two months later, the family relocated to Cedar Rapids, Iowa. In March 2001, however, Father filed for divorce in the Iowa courts. Three months later, Mother moved to Columbia, Missouri.

A judgment issued in the Iowa divorce action on July 31, 2002. That judgment awarded the parties joint legal and physical custody of the child, with mother designated as "primary physical custodian."[1] Father moved to Blue Springs, Missouri, the following month. He also appealed the divorce judgment.

On August 16, 2003, Mother advised Father of her intention to move back to Florida. Father quickly brought an action in the Circuit Court of Boone County, Missouri, seeking to bar Mother from relocating with the child. That action was dismissed by the court. While the record is unclear as to why that action was dismissed, it is possible that the court's actions were based upon the still-pending appeal of the Iowa divorce judgment. The Iowa appellate courts ultimately affirmed the divorce judgment on August 27, 2003. The record supplied by the parties does not indicate whether there were any additional proceedings pending in the Iowa courts following that date.

Father then brought the present action in the Circuit Court of Jackson County, Missouri, on September 17, 2003, seeking to bar the relocation of the child to Florida or, alternatively, a judgment modifying the custody award made in the Iowa divorce

---

1. We note that Missouri does not recognize the concept "primary physical custodian" in a joint custody context. *Loumiet v. Loumiet,* 103 S.W.3d 332, 338 (Mo.App.2003).

judgment. The trial court overruled Father's motion to bar the relocation as moot, but proceeded to trial on his motion to modify, over Mother's objections that the trial court did not have jurisdiction to determine the custody issue.

The trial court entered its judgment on February 3, 2004. It awarded Father sole physical custody of the child. The judgment also contained language awarding him sole legal custody of the child, but included a parenting plan awarding both parties joint legal custody.

Mother appeals.

### DISCUSSION

Mother presents two points on appeal. Mother first argues that the trial court erred by assuming subject matter jurisdiction because, in doing so, it misapplied the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. Section 1738A, in that custody proceedings were still pending in the State of Iowa at the time she moved to Florida. Second, she contends that the trial court erred in awarding Father sole legal and physical custody on the grounds that the weight of the evidence did not support a finding that such an award was in the child's best interests in that Mother had been the child's primary caregiver for most of its life, Mother's schedule would permit her to be home to provide care for the child, and Mother's relocation to Florida enabled her to provide a family home and support Father could not provide.

*Did The Trial Court Have Jurisdiction To Decide The Custody Issue?*

■ We first take up the question of whether the trial court had jurisdiction to decide the custody issue. This presents an issue of law that we review *de novo* on appeal. *Bounds v. O'Brien*, 134 S.W.3d 666, 670 (Mo.App.2004). If the court

lacked jurisdiction to decide the child custody issue, then the resulting judgment would be a nullity. *Love v. Love*, 75 S.W.3d 747, 755 (Mo.App.2002).

■ Whether a state has jurisdiction to determine a child custody issue is determined by the Uniform Child Custody Jurisdiction Act. (UCCJA), codified in Missouri at Section 452.440, RSMo 2000, *et seq.*[2] In certain situations, however, multiple states might be able to assert jurisdiction to decide a child custody issue under the UCCJA, raising the question of which state should properly decide that issue and the possibility of conflicting custody orders from multiple states. In response to such concerns, Congress enacted the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. Section 1738A. The PKPA does not grant or deny trial courts any jurisdiction to determine child custody disputes. *Glanzner v. State*, 835 S.W.2d 386, 389 (Mo.App.1992). Rather, it sets criteria for determining whether a child custody determination by one state is entitled to full faith and credit by another state. *See id.* at 393.

The first question to be resolved under the UCCJA is determining the child's "home state." For a child over the age of six years, as here, the child's home state is defined as the state in which, immediately prior to the filing of a child custody action, the child had resided for at least six months. Section 452.445(4), RSMo. If a state is determined to be the child's home state, then the trial court has jurisdiction to determine custody issues regarding that child (*i.e.*, the court has "home state" jurisdiction). Section 452.450.1(1)(a), RSMo. If the child no longer resides in the state at the time of filing, but the state was the child's home state within six months prior to filing of the action, the state will have

---

**2.** All other statutory references are to RSMo 2000, unless otherwise indicated.

jurisdiction to determine the custody issue, provided that a parent (or other person acting as a parent) continues to reside in the state (this is sometimes referred to as "continuing jurisdiction"). Section 452.450.1(1)(b), RSMo. If neither of these two grounds apply, a state may also exercise jurisdiction if it would be in the child's best interests but only if the child has some "significant connection" with the state and there is substantial evidence in the state bearing upon the child's care, protection, training, and relationships. Section 452.450.1(2), RSMo. There are other possible grounds under which a state may properly exercise jurisdiction to make a child custody determination under the UCCJA.[3] Those other grounds are not germane to the issues at bar, however.

The child, in this matter, resided in Missouri apparently from June 2001, through at least mid-August, 2003. Thus, under Section 452.450.1(1)(a), RSMo, Missouri became the child's home state under the UCCJA. It appears that while the child was moved to Florida prior to the filing of Father's motion to modify,[4] there is no argument on appeal whether Missouri was still the child's home state. Even if it was not, however, the trial court could properly assert continuing jurisdiction under Section 452.450.1(1)(b), RSMo, given that Father still resided in Missouri. Therefore, the trial court had jurisdiction under the UCCJA to decide the child custody issue.

 The issue, here, however, is whether Missouri was barred from exercising its jurisdiction due to the PKPA. Mother's discussion of this issue is extremely brief and fails to give any substantial analysis of the language of the PKPA. However, her argument appears to be that the trial court should have deferred to the Iowa court's prior exercise of jurisdiction on the issue, given that an appeal was pending at the time she relocated to Florida.

The PKPA sets criteria for determining when one state may modify a custody determination made in another state. 28 U.S.C. Section 1738A(f). It also places limits on when a trial court may properly exercise its jurisdiction to determine custody matters. For example, the PKPA provides that a state is barred from modifying a custody award made in another state while proceedings remain pending in the other state. 28 U.S.C. Section 1738A(g). A similar "pending proceedings" rule is incorporated in the UCCJA. *See* Section 452.465.1, RSMo. A number of states have held that "pending proceedings" include not only proceedings before trial courts but also appeals from judgments entered by those courts. *See, e.g., In re Custody of Rector,* 39 Colo.App. 111, 565 P.2d 950 (1977); *Noga v. Noga,* 111 Ill.App.3d 328, 67 Ill.Dec. 18, 443 N.E.2d 1142 (1982); *Custody of a Minor,* 392 Mass. 728, 468 N.E.2d 251 (1984); *Bergstrom v. Bergstrom,* 271 N.W.2d 546 (N.D.1978). *See also,* David C. Minneman, Annotation, *Pending Proceeding In Another State As Ground For Declining Jurisdiction Under Section 6(a) Of The Uniform Child Custo-*

---

**3.** For example, a Missouri court may exercise jurisdiction if the child has been abandoned in the state or action is necessary due to past or threatened abuse or neglect of the child. Section 452.450.1(3), RSMo. Lastly, Missouri may exercise jurisdiction in situations where *no* state would have jurisdiction under any ground of the UCCJA or where a state with jurisdiction has declined to exercise it on the basis that Missouri would be a more ap-

propriate forum to decide that issue. Section 452.450.1(4), RSMo. In this latter set of cases, however, the assertion of jurisdiction must, nevertheless, be in the child's best interests. *Id.*

**4.** Florida did not become the child's home state, however, as six months had not yet passed. Section 452.445(4), RSMo.

dy Jursidiction Act (UCCJA) Or The Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.S. Section 1748A(g), 20 A.L.R.5TH 700 (1994). We are not aware of any Missouri case adopting the proposition that a pending appeal constitutes "pending proceedings" for purposes of either the PKPA or the UCCJA and need not reach that question, here, but note that this appears to be the majority rule in the jurisdictions that have addressed the question.

A premise of Mother's argument is the fact that the Iowa appeal was still pending when she relocated to Florida with the child. This premise, however, is irrelevant to the question of whether the trial court could properly assert jurisdiction. The PKPA specifically states that a court "shall not exercise jurisdiction in any proceeding for a custody or visitation determination *commenced* during the pendency of a proceeding in a court of another State. . . ." 28 U.S.C. Section 1738A(g) (italics added). Here, however, the proceeding was commenced after the Iowa appeal had concluded, as Father's motion to modify was filed on September 17, 2003. The parties make no argument or present anything in the record on appeal that suggests that there were any further proceedings pending following the Iowa appellate court's affirmance of the dissolution judgment on August 27, 2003.[5]

Nor does it appear that Iowa retained any basis under the UCCJA to exercise jurisdiction to modify its earlier custody award. Indeed, at the time the proceedings were initiated in this matter, Iowa had not been the child's "home state" for many months. The Iowa courts could not assert continuing jurisdiction, given that neither the child nor either parent continued to reside in that state. Nor does it appear that the child has any remaining connection with Iowa that would permit jurisdiction under the "significant connection" ground under the UCCJA. Simply put, by the time the present action was filed, Iowa no longer could exercise jurisdiction over the child.

The trial court, therefore, did not err in denying Mother's motion to dismiss Father's motion to modify on grounds of lack of subject matter jurisdiction. Point denied.

## Was The Trial Court's Custody Award Against The Weight Of The Evidence?

In order to modify the original custody award, the trial court was required to find two things. First, it was required to find that there had been a substantial change of circumstances requiring modification of the prior custody decree. Section 452.410, RSMo. Second, it had to conclude that modification of the decree was in the child's best interests. *Id.* The parties raise no dispute regarding the first issue. Mother challenges only the determination that modification of custody was in the child's best interests. She argues in her second point on appeal that the trial court's finding on this issue was against the weight of the evidence.

We will affirm the trial court's judgment in a child custody matter unless the judgment is against the weight of the evidence, is not supported by substantial evidence, or the judgment erroneously applies or declares the law. *Wright ex rel.*

---

**5.** Mother raised no argument in her motion to dismiss that proceedings were pending in Iowa and that dismissal was appropriate under either subsection (g) of the PKPA or Section 452.465.1, RSMo. We cannot discern from the record whether the trial court made any inquiry regarding whether any proceedings were still pending in Iowa, as required by subsections 2 and 3 of Section 452.465, RSMo. In any event, Mother raises no point of error on this question.

*McBath v. Wright,* 129 S.W.3d 882, 884 (Mo.App.2004). In addressing whether a custody determination is against the weight of the evidence, we proceed under "the presumption that the trial court reviewed all evidence and based its decision on the child's best interests." *Id.* We view the evidence and the reasonable inferences that may be drawn therefrom in the light most favorable to the judgment. *Id.* We grant great deference to the trial court's judgment, given that it is in a better position to address issues of credibility and resolution of conflicting evidence. *Id.*

At the outset, Mother points us to an inconsistency in the judgment. The judgment, at one location, awards Father sole legal custody. The parenting plan, however, awards the parties joint legal custody of the child. Father argues that we should consider the award made in the parenting plan as reflecting the intent of the court, given that it sets forth mechanisms by which the parties are ordered to share decision-making with regard to the child. We disagree that we can resolve the question on appeal. In situations where there have been differing child support orders between a judgment and a parenting plan, we have held that reversal was necessary to resolve the inconsistency. *See Holsman v. Holsman,* 49 S.W.3d 795, 797 (Mo.App. 2001). Similarly, we hold that a remand of the case is required here, so that the trial court may issue a judgment reflecting its intention with regard to the legal custody issue.

We also note, in passing, that the trial court's judgment makes minimal findings with regard to what modification of custody would serve the child's best interests. The Southern District has held that, when the parties fail to agree upon a custodial arrangement, a trial court is required to make findings regarding the public policy outlined in Section 452.375.4, RSMo, and the factors set forth in Section 452.375.2, RSMo. *See Marriage of Copeland,* 148 S.W.3d 327, 330 (Mo.App.2004). The judgment, here, makes none of those findings, but the trial court may address that omission in the proceedings upon remand and enter whatever custody award it determines is appropriate after consideration of those factors.

Mother's second point on appeal is sustained. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

JAMES M. SMART, JR., Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.