**Dawn M. KRASINSKI, a/k/a Dawn M. Peplinski, Appellant,**

v.

**Kirk A. ROSE, Respondent.**

**No. ED 86131.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 2005.

Joshua E. Douglass, Bowling Green, MO, for appellant.

CLIFFORD H. AHRENS, Judge.

Dawn Krasinski, a/k/a/ Dawn Peplinski ("mother") appeals the judgment of the trial court finding her in contempt and abating child support. Mother claims the trial court erred in failing to set aside the judgment of contempt and abatement because the court was without subject matter jurisdiction to enter the order upon which the contempt and child support abatement was based, and therefore, the order of contempt and abatement was void. Additionally, mother argues that the trial court erred in failing to set aside the judgment of contempt and abatement of child support because she showed good cause to set aside the judgment and a meritorious defense. We reverse and remand.

In October 2002, mother filed a petition under the Uniform Interstate Family Support Act ("UIFSA"), sections 454.850 through 454.997 RSMo (2000)[1], against Kirk Anthony Rose ("father"). The case was referred from Michigan, and mother was represented by a special prosecutor in Montgomery County, Missouri. Mother requested establishment of paternity of her two minor children, and an order for child support. Father subsequently filed a

---

1. All further statutory references are to RSMo (2000).

petition for declaration of paternity and order of child custody, visitation and support in the circuit court of Lincoln County, Missouri. Mother was served with a summons in this action, and she entered a special limited appearance and filed an answer challenging jurisdiction of the state of Missouri. Father filed a motion to consolidate his petition with the pending action pursuant to the UIFSA, and the court in Lincoln County ordered the causes consolidated. The consolidated action was called and heard in March 2004, and a judgment was entered declaring paternity and ordering support. No custody or visitation determination was made at this time. In April 2004, the court entered another judgment declaring paternity, and ordering joint legal custody with visitation rights to father. The judgment also required father to provide child support and medical insurance for the minor children. In September 2004, father filed a motion to abate child support and motion for contempt in Lincoln County. Father cited the April 2004 order of the court and alleged that his temporary custody rights and visitation thereunder had been refused by mother. He requested that the court abate child support and hold mother in contempt for her refusal to comply with the court's April 2004 order. The court entered an order of abatement of child support, judgment and order of contempt. In its judgment, the court found mother willfully failed to comply with the provisions of its April 2004 order, and abated child support and held her in contempt as a result. Mother filed a motion to set aside the default order of abatement of child support and judgment and order of contempt, and the court denied this motion. The present appeal followed.

■ In her first point on appeal, mother argues that the trial court was without subject matter jurisdiction to decide issues of custody and visitation, and therefore, the April 2004 judgment was void. As a result, the ensuing judgment abating child support and finding mother in contempt based upon the void April 2004 judgment was void as well.

■ The question of whether the state of Missouri has jurisdiction to determine the child custody issue in the present case is one we review *de novo*. *Mahoney v. Mahoney*, 162 S.W.3d 512, 514 (Mo.App. 2005); (citing *Bounds v. O'Brien*, 134 S.W.3d 666, 670 (Mo.App.2004)). "If the court lacked jurisdiction to decide the child custody issue, then the resulting judgment would be a nullity." *Id.;* (citing *Love v. Love*, 75 S.W.3d 747, 755 (Mo.App.2002)).

■ The Uniform Child Custody Jurisdiction Act ("UCCJA"), sections 452.440 through 452.550 governs whether Missouri has jurisdiction in child custody cases. "It has been observed that it is implicit in the scheme of the UCCJA that the trial court should make an initial determination of jurisdiction by express findings of fact before proceeding to the substantive issue of custody." *Bounds*, 134 S.W.3d at 670; (citing *Piedimonte v. Nissen*, 817 S.W.2d 260, 266 (Mo.App.1991)). Thus, a judgment containing a conclusory statement of jurisdiction does not meet the objectives of the UCCJA. *Id.*

Here, the court made an express finding in its April 2004 judgment that it had jurisdiction pursuant to section 210.829.2 and .4. Subsection 4 is the portion of the statute relevant to our inquiry in the present case. It provides that actions brought under the Uniform Parentage Act may be brought in the county in which the alleged father resides. Pursuant to section 210.841.3 of the Uniform Parentage Act, a judgment in an action to determine the parent-child relationship may include provisions regarding custody and visitation. However, in *State ex rel. Dept. of Social*

*Services, Div. of Child Support Enforcement v. Hudson,* 158 S.W.3d 319, 326 (Mo. App.2005), the court determined that section 210.841.3 simply provides that these provisions may be included in a judgment in a Uniform Parentage Act proceeding. It does not *create* subject matter jurisdiction. *Id.* (emphasis in original). The UCCJA governs whether Missouri has subject matter jurisdiction over child custody disputes. In the present case, the court did not make any express finding regarding the factual basis for subject matter jurisdiction of the court pursuant to the UCCJA.

In order to determine whether Missouri has subject matter jurisdiction over a custody determination, we look to section 452.450.1 of the UCCJA. This provides four instances in which jurisdiction will be proper in Missouri. It states that a Missouri court is vested with jurisdiction in child custody matters if it:

(a) Is the home state of the child at the time of commencement of the proceeding; or

(b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and:

(a) The child has been abandoned; or

(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

Jurisdiction may be based upon any of the four subsections. *Hudson,* 158 S.W.3d at 324 (Mo.App.2005).

■ We will address each subsection in the order in which they appear in section 452.450.1. First, if Missouri is the "home state" of the children, Missouri may have jurisdiction. "Home state" is defined in section 452.445 as the state in which "immediately preceding the filing of custody proceeding, the child lived with ... a parent for at least six consecutive months...." In the present case, the record indicates that in his 2003 petition, father stated that in the six months preceding the filing of his petition, the minor children resided in Michigan with mother. Additionally, mother filed an affidavit stating that the minor children lived in Michigan for the three and one-half years prior to the filing of her motion to set aside the order of abatement and contempt. Thus, Michigan, not Missouri, would be considered the home state of the minor children.

■ Next, we consider whether it would be in the best interests of the children for Missouri to assume jurisdiction because either a significant connection exists with Missouri, or substantial evidence concern-

ing the future care, protection, training and personal relationships of the children exists in Missouri. Aside from the evidence that father resides in the state, and the potential request for visitation with father in Missouri, there is nothing in the record to indicate any other connection or provision for care or relationships within Missouri[2]. Mother, in her affidavit, stated that there is no significant connection between the minor children and Missouri other than their father. She also noted that the children receive assistance from the state of Michigan. They were provided with benefits from the state of Michigan in the form of food stamps, Medicaid, and daycare. There is evidence, therefore, of the future care and protection of the children within Michigan, not Missouri. Jurisdiction cannot be said to be in the best interests of the minor children based on the record before us.

Section 452.450.1 also provides jurisdiction of Missouri courts to decide custody matters where the child is present in the state and either has been abandoned or is in need of protection because of abuse or other neglect. There is nothing in the record to support jurisdiction on these grounds. There is no evidence that the minor children were present in the state at the time of the court's April 2004 judgment, much less present and abandoned or neglected.

Finally, Missouri can assert jurisdiction over custody matters where it appears that no other state would have jurisdiction based upon the previous subsections, or another state has declined jurisdiction and Missouri is a more appropriate forum for a custody determination. Additionally, it must be in the best interests of the child for Missouri to assume jurisdiction in this instance. This subsection is not implicated in the present case. It appears as though Michigan, as the home state of the minor children, would have jurisdiction. Thus, another state has jurisdiction, and mother asserts in her affidavit filed with her motion to set aside the order of contempt and abatement, that Michigan has not declined jurisdiction. Additionally, as previously noted, it does not appear to be in the best interests of the minor children for Missouri to assume jurisdiction.

■ As a result of the foregoing, a Missouri court was without subject matter jurisdiction, pursuant to section 452.450.1, to decide child custody matters with respect to the two minor children of mother and father. "A judgment issued in excess of the trial court's jurisdiction is void." *In re Moreau,* 161 S.W.3d 402, 405 (Mo.App. 2005) (citations omitted). Thus, the portion of the April 2004 judgment of the court regarding child custody and visitation was void. It follows that the judgment of child support abatement and contempt based upon mother's alleged failure to comply with the visitation and custody provisions of the April 2004 judgment was also void.

In her second and final point, mother claims that the court should have set aside the judgment of contempt and abatement because she showed good cause to set aside the judgment, as well as a meritorious defense. Because our review of mother's first point is dispositive, we need not consider this argument.

The trial court did have jurisdiction to enter the following portions of the April 2004 judgment: declaring father the natural biological father of the two minor children; ordering correction of the birth cer-

2. Father declined to file a brief in this case, instead relying upon this court to make a decision based upon "the record before it."

tificates of the minor children; ordering father to pay mother child support in the amount of $512.60, and the remaining support provisions in the judgment; and requiring father to keep in force medical insurance for the minor children.

We hold that the portions of the April 2004 judgment as to child custody and visitation are void for lack of subject matter jurisdiction. As a result, the January 2005 judgment of contempt and abatement of child support was also void and is therefore reversed. The order of commitment and warrant of arrest is also reversed. Mother's request for attorney's fees pursuant to section 452.470 is remanded to the trial court for disposition.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.