**In re SURETY INSURANCE COMPANY OF CALIFORNIA, Douglas D. and Carol Sharp, Sharp Bonding Company, Inc.**

**(Appeal of Douglas D. and Carol SHARP.)**

**No. WD 32039.**

Missouri Court of Appeals, Western District.

Oct. 27, 1981.

Willard B. Bunch and John Edward Cash, Kansas City, for appellant.

Albert A. Riederer, Pros. Atty. for Jackson County, Kansas City, Robert Frager & Kenneth W. Morgans, Asst. Pros. Attys., Kansas City, for respondent State of Missouri.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

On July 30, 1980, following a hearing on the qualifications of Douglas and Carol Charp d/b/a Sharp Bonding Company, Inc. and of Surety Insurance Company of California to act as compensation surety on bail bonds of persons accused of crime in Jackson County, Missouri, the Circuit Court of the 16th Judicial Circuit entered an order enjoining the Sharps from acting as compensation surety until October 1, 1980 and permanently enjoining Surety Insurance Company of California from so acting in the courts of the 16th Judicial Circuit. Said order was designated as final for purposes of appeal and following a denial of appellant's motion to set aside said order, this appeal followed.

Surety Insurance Company of California has not appealed in its own name and has affirmatively prohibited the Sharps from representing or acting on behalf of Surety Insurance Company of California on this appeal. The order enjoining the Sharps expired October 1, 1980 and by such expiration, the Sharps are no longer enjoined from acting as compensation surety on bail bonds within the 16th Judicial Circuit, except on behalf of Surety Insurance Company of California.

Following the notice of appeal herein, respondent filed a Motion to Dismiss the appeal on the basis that the Sharps were not aggrieved parties within § 512.020, RSMo 1978, because enjoinment of the Sharps to execute bail bonds within the 16th Judicial Circuit has become moot by the expiration of that date and order and hence they are not entitled to appeal herein.

Respondent's Motion to Dismiss is further premised upon the fact that Surety Insurance Company of California did not file an appeal from the order of the Circuit Court and is not represented by retained or appointed counsel, nor has the Surety Insurance Company of California affirmatively or by acquiescence permitted the Sharps to represent or act on behalf of Surety Insurance Company of California in the process of this appeal. The record herein discloses that the Sharps are not aggrieved parties as defined under § 512.020 and therefore, they are not entitled to appeal herein. Surety Insurance Company of California is not and has never been a party to this present appeal. Respondent's Motion to Dismiss was ordered taken with the case and upon re-

view of the record and following oral argument, this court concludes that respondent's Motion to Dismiss should be sustained upon a finding that the Sharps are not aggrieved persons under § 512.020; that the issue pertaining to the Sharps has become moot by expiration of the order prohibiting the issuance of bail bonds by the Sharps, effective October 1, 1980; and further, that Surety Insurance Company of California did not file an appeal herein, and affirmatively disclaimed any representation by anyone (including the Sharps) in proceeding with the appeal from the order of the Circuit Court.

The appeal is ordered dismissed pursuant to Rule 81.01 and § 512.020, RSMo 1978.

All concur.