**In re the Marriage of Betty Jane (Manker) LYDIC, Petitioner–Appellant,**

**and**

**Edward A. Manker, Jr., Respondent.**

**No. 15592.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 12, 1988.

W. Swain Perkins, Thayer, for petitioner-appellant.

Jo Beth Prewitt, West Plains, for respondent.

MAUS, Judge.

The former wife appeals from an adverse judgment upon the first of two counts of her former husband's motion. There was no disposition of the second count. The appeal must be dismissed. The cause has the following background.

The proceeding was commenced by the motion of the former husband, Edward A. Manker, Jr., in two counts. The first count sought a modification of a custody decree pertaining to three minor children in the primary custody of the former wife, Betty Jane (Manker) Lydic. The second count sought to hold the former wife in contempt for not permitting visitation in accordance with a prior decree. The former wife filed a pro se answer. She appeared at the hearing only by counsel to request a continuance. The wife professed inability to get from the State of Washington to Oregon County, Missouri, where the case was heard on December 21, 1987.

The continuance was denied. The former wife's counsel withdrew. The former husband testified. He also presented the testimony of his sister. A brief summary of their testimony follows.

In 1986, the wife moved from Oregon County to the State of Washington. She changed the residence of the children to the State of Washington in violation of § 452.377. On December 2, 1986, both par-

ties participated in a hearing upon the husband's motion to modify custody based upon that change. Following the hearing an agreement was reached which provided for the husband to have holiday and periodic custody. The court made the following docket entry: "Citation for Contempt withdrawn. Visitation modified as per agreement dictated into record." No formal judgment was entered. The wife refused to permit visitation in accordance with the original decree or the agreement apparently approved by the court.

The children are Catherine Michell, age 17; Jamie Edward, age 13; and William Bruce, age 10. The husband has heart disease. He is unable to work or travel. He draws disability payments. Their custodian receives social security of $348 per month and other public assistance for the children. The husband lives alone. But, he concluded he was able to care for the children. He and his sister described the affectionate relationship between the husband and the children.

■ Upon Count I a formal judgment was entered. This judgment placed primary custody in the father and provided for certain holiday and periodic custody by the wife. The judgment made no disposition of Count II of the motion.

In general, an appeal lies from a final judgment. § 512.020. Revised Rule 74, Judgments, Orders and Proceedings Thereon, was effective January 1, 1988. The portion of the revised rule relevant to this appeal is as follows:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the

order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 74.01(b). A result of the revised rule has been stated in these terms.

The new rule provides that a judgment can be entered as to some but not all claims and parties, only if the trial court expressly determines that there is no just reason for delay. If this determination is not expressly made, then the order is interlocutory and subject to revision until the disputes of all parties and claims in the lawsuit are resolved. Such an order is not final for purposes of appeal, accrual of interest, execution, etc.

Laughrey, Judgments—The New Missouri Rule, 44 Mo.Bar J. 11, 12 (1988).

The judgment upon the pending motion was entered December 29, 1987. A motion to set aside that judgment was overruled and notice of appeal was filed in 1988.

It is not necessary to determine if this appeal is governed by Revised Rule 74. The judgment upon Count I is not final and appealable under the revised rule. It is not final and appealable under the preexisting rule and procedure. *In re Marriage of Roeder*, 557 S.W.2d 482 (Mo.App.1977). As stated, the appeal must be dismissed.

■ However, upon such dismissal the cause should not be disposed of merely by the disposition of Count II. Also as stated, the wife filed a pro se answer to the pending motion. Her affidavit was attached to that answer. The affidavit contains allegations the father abused the children. The affidavit, of course, does not constitute evidence. However, it can be properly considered as pleading such abuse. This allegation is emphasized by the original decree entered after a contested hearing. That decree provided the former husband's visitation should be in the presence of his mother or sister and not when the former husband had consumed alcoholic beverages within 24 hours prior to the visitation.

In a similar case this court said:

[W]e hold that it is an abuse of discretion not to appoint a guardian ad litem, as permitted by § 452.490.4, where, as here, the choice of the custodian of minor children is in issue, and the court has knowledge, from the pleadings or from any other source, that the children in question have been, or are being, abused while in the custody of one claiming the right to be their custodian.

*C.J.(S.)R. v. G.D.S.*, 701 S.W.2d 165, 169 (Mo.App.1985). A statute, effective January 1, 1988, now provides as follows: "The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged." § 452.423.1.

The judgment upon Count I is subject to revision. Rule 74; *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229 (Mo. banc 1969); *Ray Nolting Oldsmobile Co. v. 66 Watson Development Co.*, 518 S.W.2d 167 (Mo.App. 1974). Upon dismissal of this appeal, that judgment should be set aside. A guardian ad litem for the children should be appointed to perform his duties as described in § 452.423. If appropriate, an additional evidentiary hearing should be held.

The appeal is dismissed for further proceedings consistent with this opinion. This dismissal is without prejudice to any allegation of error asserted by the former wife on this appeal.

HOGAN and PREWITT, JJ. concur.

FLANIGAN, P.J., concurs in result with opinion attached.

FLANIGAN, Presiding Judge, concurring.

I concur in the result. I agree that the judgment on Count I is not final and appealable. "An appeal without statutory sanction confers no authority upon an appellate court except to enter an order dismissing the appeal." *Holt v. McLaughlin*, 210 S.W.2d 1006, 1008[6] (Mo.1948). In my view the opinion should be so limited.