Betty Jane (Manker) LYDIC, Appellant,

v.

Edward A. MANKER, Jr., Respondent.

No. 16472.

Missouri Court of Appeals,
Southern District,
Division One.

March 30, 1990.

Motion for Rehearing or Transfer to
Supreme Court Denied April 23, 1990.

Application to Transfer Denied
June 19, 1990.

W. Swain Perkins, Thayer, for appellant.

Jo Beth Prewitt, West Plains, for respondent.

PARRISH, Judge.

This is an appeal from an order modifying a child custody decree. The proceeding was commenced in the trial court by the motion of respondent. His pleading was in two counts: Count I sought modification of a prior custody decree affecting the custody of three minor children of the parties; and Count II sought to hold appellant, respondent's former wife, in contempt of court. The allegation in Count II was that appellant had violated the court's prior order by not permitting respondent to visit with the children in accordance with the terms of the prior decree.

The trial court entered an order December 21, 1987, granting respondent's request for a change in the award of custody of the three children. No action was taken on the contempt matter. The case was then appealed. That appeal was dismissed for the reason that the judgment of the trial court was not final in that it made no disposition of Count II, the contempt matter,[1] and for

---

1. Rule 74.04(b). It was also noted that the judg-   ment upon Count I would not have been final

the further reason that pro se pleadings of appellant raised allegations of child abuse by respondent, thereby requiring appointment of a guardian ad litem.[2] *In re Marriage of Lydic*, 762 S.W.2d 99, 101 (Mo. App.1988).

Following the remand of this case to the trial court, a further hearing was held. The trial court dismissed Count II and granted the modification of the child custody decree by transferring custody of the children to respondent. This is an appeal of that order. This court affirms.

A recitation of facts, as they had developed at the time of the first appeal, is set forth in the first *Lydic* opinion. Those facts will be recited herein only as they are pertinent to the present appeal.

The marriage of appellant and respondent was dissolved in July 1985. Appellant was awarded custody of the three children of the parties, Catherine Michelle Manker, Jamie Edward Manker, and William Bruce Manker. In 1986 appellant moved from Missouri to Washington. Appellant took the three children with her, thereby changing their places of residence. This was in violation of § 452.377 in that the changes of residence occurred without the written consent of respondent and without authorization by the trial court. After appellant's move, respondent filed a motion to modify custody. That matter was presented to the trial court and a record made of an agreed visitation modification. However, that modification was not honored by appellant. Appellant denied respondent any visitation with the three children.

Following the previous remand of this case, the trial court appointed a guardian ad litem for the children and scheduled a further hearing. At that hearing the parties appeared by counsel and the guardian ad litem appeared. No further testimony was offered. The case was submitted to the court on the testimony adduced at the

prior evidentiary hearing. The trial court found in favor of respondent, modified the custody decree, and awarded respondent custody of all three children. Appellant was allowed scheduled visitations with the children.

By this appeal, appellant asserts that the trial court lacked jurisdiction to enter its order modifying child custody. Appellant contends that the trial court erred in making the finding that it had jurisdiction to modify the prior custody decree, and that the Uniform Child Custody Jurisdiction Act[3] is the applicable Missouri law and those statutes do not confer jurisdiction on the trial court under the facts of this case. Appellant raised this issue before the trial court at various times by means of motions to dismiss for lack of jurisdiction. The trial court denied the motions each time they were made.

■ This court, in its review of this case, must affirm the order of the trial court unless there is no substantial evidence to support the determination by the court that it had jurisdiction to enter its order modifying custody; unless the determination by the trial court that it had jurisdiction to enter its order modifying custody was against the weight of the evidence; unless the determination by the trial court that it had jurisdiction to enter its order modifying custody was an erroneous declaration of the law; or unless the determination by the trial court that it had jurisdiction to enter its order modifying custody erroneously applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Respondent lived in Missouri before his marriage with appellant was dissolved. Appellant and respondent lived in Missouri as husband and wife. Following the dissolution of their marriage, respondent continued to live in Missouri. He was a resident of Missouri in July 1987 when he filed his

and appealable under the rules and procedures which preceded present Rule 74.04(b). *In re Marriage of Roeder*, 557 S.W.2d 482 (Mo.App. 1977).

**2.** § 452.490.4, RSMo Supp.1984; § 452.423.4, RSMo Supp.1988, as discussed in *In re Marriage*

*of Lydic*, 762 S.W.2d 99, 101 (Mo.App.1988). Hereafter, citations to statutes will be to RSMo 1986 unless otherwise stated.

**3.** §§ 452.440 to 452.550; hereafter referred to as the UCCJA.

motion to modify the prior custody decree. Appellant and respondent have owned a house located on an 11–acre tract in Couch, Missouri. They owned that house before the dissolution of their marriage. They continued to own it after the dissolution. In June 1985, when the marriage was dissolved, the three children of the parties were residents of Missouri. The children continued to reside in Missouri until 1986 when their mother, appellant, removed the children to Washington without respondent's consent and without any court order authorizing that change of residence. Prior to the removal of the children from Missouri, respondent had maintained a loving relationship with them. Since the children were removed, appellant has prevented respondent from visiting with them.

■ Section 452.450 prescribes circumstances when a Missouri court has jurisdiction to decide child custody matters. Two of the sets of circumstances prescribed in § 452.450 relate to situations, as in this case, in which the child who is the subject of a child custody proceeding no longer resides in the state. Section 452.450.1(1) provides that a Missouri court has jurisdiction if Missouri is the home state[4] of the child at the time of commencement of the proceeding; or had been the child's home state within six months before commencement of the proceeding and the child is absent from Missouri for any reason, and a parent or person acting as parent continues to live in Missouri. This proceeding was commenced in July 1987. At that time, Missouri was not the home state of the children for the reason that they were then living in Washington with their mother. The children had been removed from Missouri to another state more than six months prior to July 1987. Thus, the requirements posed by § 452.450.1(1) are not satisfied under the facts in this case.

Section 452.450.1(2) provides that a Missouri court has jurisdiction to make child custody determinations if it is in the best interest of the child that a Missouri court assume jurisdiction because:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

. . . . .

Writers addressing the purposes of the UCCJA have suggested that its drafters, in including the part of the act which Missouri has enacted as § 452.450.1(2), intended for a state which enters an original custody decree to maintain jurisdiction of subsequent proceedings so long as that state continues to have significant contacts with a party or the child who is the subject of the proceeding.[5] It has been suggested that:

Where a custody decree is entered in Missouri, and the child and a parent move to another state, Missouri continues to have preferential jurisdiction to hear subsequent custody and visitation matters, so long as one parent continues to reside in Missouri.

Kruger, *supra* note 5. In *Kumar v. Superior Court of Santa Clara Cty.*, 32 Cal.3d 689, 186 Cal.Rptr. 772, 776, 652 P.2d 1003, 1007 (Sup.1982), a California court stated this principle as follows:

Exclusive continuing jurisdiction is not affected by the child's residence in another state for six months or more. Although the new state becomes the child's home state, significant connection jurisdiction continues in the state of the prior decree where the Court record and other evidence exists and where one parent or another contestant continues to reside.

■ If the broad analyses by the writers noted above, and by the California court in

---

**4.** § 452.445(4) defines "home state." "Home state," as the term applies to this case, is the state in which, immediately preceding the filing of a custody proceeding, the child lived with certain persons, including his parents or a parent for at least six consecutive months.

**5.** Kruger, *Jurisdiction Under the Uniform Child Custody Jurisdiction Act*, 44 J.Mo.Bar 467, 469 (1988); Bodenheimer, *Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in Conflict of Laws*, 22 Vand.L.Rev. 1229, 1237 (1969).

*Kumar,* are correct interpretations of the provision of the UCCJA adopted by Missouri as § 452.450.1(2), the trial court clearly had jurisdiction to determine the motion to modify the prior custody order. It is unnecessary, however, to determine in this case whether such an interpretation of § 452.450.1(2) is warranted. The facts of this case, applied to the terms of § 452.450.1(2) in a manner consistent with cases previously decided, provide a sufficient analysis to determine whether the trial court had jurisdiction. The breadth of § 452.450.1(2), if in fact it extends beyond providing a framework for the application of facts in individual cases, is left for determination at another time if an appropriate case presents that question.[6]

Respondent, one of the litigants, continued to reside in Missouri following the dissolution of his and appellant's marriage. Respondent was living in Missouri at the time the trial court determined it had jurisdiction in this case and entered its modification of the prior custody order. Respondent is the father of the three children who are the subject of this proceeding. Therefore, one litigant (respondent) and each of the three children have significant connections with this state. The trial court's records in the dissolution of marriage case, records regarding the children's prior schooling, testimony from respondent and respondent's mother (the children's grandmother) regarding possible care of the children, their protection, training and personal relationships are available in Missouri. The trial court did not abuse its discretion in determining that the best interest of each of the three children was served by the trial court assuming jurisdiction over the pending motion to modify. The trial court had substantial evidence with which to find that it had jurisdiction to modify the prior custody order. The determination by the trial court that it had jurisdiction to modify the prior custody order was not against the weight of the evidence. The trial court did not erroneously declare the

law in finding that it had jurisdiction to modify that order. The trial court did not erroneously apply the law in making that determination. *Johnson v. Kiloh,* 704 S.W.2d 705 (Mo.App.1986); *In re Marriage of Panich,* 672 S.W.2d 718 (Mo.App.1984). The judgment is affirmed.

CROW, P.J., and PREWITT, J., concur.

---

**6.** It is interesting to note, however, that in *N.W. by M.G. v. B.W.,* 716 S.W.2d 278, 282 (Mo.App. 1986), this court's western district described § 452.450.1(2) as "an elastic provision to cover

the unusual circumstances which would confer jurisdiction in a state other than the home state."