Betty Ann NEWTON, n/k/a Betty
Ann Murphy, Appellant,

v.

James C. NEWTON, Respondent.

No. 59781.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 23, 1991.

Charles H. Steib, St. Louis, for appellant.

Keith G. Liberman, St. Louis, for respon-
dent.

CRIST, Judge.

Mother appeals the denial of her motion
to set aside a modification of custody order.
She asserts the trial court did not have
subject-matter jurisdiction for the reason
that mother and the parties' two children
resided in the State of Illinois pursuant to
written authorization of husband. We af-
firm.

Mother and father were married on Janu-
ary 27, 1979. They had two children, born
in 1981 and 1982. On February 22, 1988,
dissolution was entered in the City of St.
Louis. At that time, both parties and the
children were residents of Missouri. Moth-
er was given primary custody of the chil-
dren. On April 10, 1988, mother and the
children moved to Illinois with the written
consent of father. They continue to live in
Illinois at this time.

On May 5, 1989, father filed a motion in
St. Louis to modify the dissolution decree.

On June 19, 1989, mother filed a cross-motion to modify, and a motion for contempt. A guardian ad litem was appointed for the children, and each parent paid one-half of the guardian's fee. Father continued to be a resident of Missouri and exercised his visitation and temporary custody rights primarily in Missouri.

On August 1, 1990, trial began in the City of St. Louis on the motion to modify, the cross-motion, and the motion for contempt. The trial court had personal jurisdiction over mother and the two children. After several hours of trial, the parties agreed upon an "order of modification of decree by consent." This document was signed by both parties and their attorneys. Changes effected by this document included the temporary custody schedule and father's support obligations.

Mother filed a motion to set aside the Order of Modification Decree on November 26, 1990, on the grounds that the court entering the modification decree lacked subject-matter jurisdiction. This motion was denied on February 7, 1991. Mother appeals the denial of her motion.

Mother has elected not to file a transcript of the hearing on her motion to set aside the order. This failure may have been fatal to her case. The briefs submit only the one issue of whether or not the Illinois residence of mother and children would prevent the Missouri court from having subject-matter jurisdiction.

The fact that mother and the parties' two children lived in the State of Illinois at the time the modification decree was entered in Missouri is not sufficient in and of itself to deny the Missouri courts subject-matter jurisdiction. While Illinois may also have had subject-matter jurisdiction, more than one state may have jurisdiction over a custody case. *Davis v. Davis*, 799 S.W.2d 127, 133[7] (Mo.App.1990).

Missouri did not have subject-matter jurisdiction under § 452.450.1(1), RSMo 1986. However, § 452.450.1(2) provides that a Missouri court has jurisdiction to make child custody determinations if it is in the best interests of the child that a Missouri court assume jurisdiction because:

(a) the child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships....

Under this section, father and the two children have a significant connection with Missouri. Further, since the parties were residents of Missouri, and the decree of dissolution was rendered in Missouri, there is available in Missouri substantial evidence concerning the children's present or future care, protection, training, and personal relationships.

We hold that where a custody decree is entered in Missouri, and the child and the parent move to another state, Missouri continues to have jurisdiction to hear subsequent custody and visitation matters, so long as one parent continues to reside in Missouri. *See Lydic v. Manker*, 789 S.W.2d 129, 131[2, 3] (Mo.App.1990).

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.