Jack Kevin DOBBS, Appellant,

v.

Cheryl DOBBS, Respondent.

No. 61287.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Sept. 29, 1992.

Leanna L. Bennett, Springfield, for appellant.

Jack Kevin Dobbs, pro se.

KAROHL, Chief Judge.

Mother appeals denial of a Motion to Vacate Judgment. The effect of the court's ruling transferred custody of two children to Father. We affirm.

In a 1990 dissolution decree, Mother was awarded primary custody of the couple's two children, then ages ten and seven. Shortly thereafter, Mother and the children moved to Tennessee. Father's ability to visit the children was reduced because Mother could not pay her portion of transportation expenses. Father received a phone call from the children. Mother had left them at a fast food restaurant in Indiana. They had no money and did not know if Mother was returning. Father went to Indiana to pick up the children and eventually returned them to Mother.

In June 1991, Mother left the children with a friend in Tennessee while she traveled with her then current husband to Texas. The friend called Father and requested him to pick up the children. Apparently, Mother left the children with no clothes or money and had been gone about eight days. Again, Father retrieved the children and brought them to his home in Missouri. It was close to his scheduled visitation time so the children remained with Father for two weeks.

While he had the children in Missouri for visitation, Father filed a motion in a Missouri court requesting a temporary restraining order and modification of the dissolution decree. He sought the restraining order to prevent Mother from removing them from this state. She threatened to remove and hide the children while he sought primary custody of the children. Mother, on appeal, attacks both the temporary order and the modification granted by the court claiming lack of personal and subject matter jurisdiction.

The decisive issue is whether the trial court had subject matter jurisdiction to modify the Missouri dissolution decree with respect to child custody. The issue is governed by the Uniform Child Custody Jurisdiction Act as adopted in Missouri. Sections 452.440 to 452.550 RSMo 1986.

Father alleged jurisdiction for his Motion for Modification under § 452.450.1(2) and (3) RSMo 1986. The relevant portion of subsection (3) requires proof of abandonment by Mother in order to establish jurisdiction. We find the trial court had jurisdiction under subsection (2). We need not address the subsection (3) argument although it may have merit.

The trial court can assert jurisdiction in the best interests of the child if:

(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and

(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

Where one parent continues to reside in Missouri after a dissolution decree entered in this state, Missouri continues to have preferential jurisdiction to hear subsequent custody and visitation matters even if the child and a parent have moved to another jurisdiction. *Newton v. Newton*, 811 S.W.2d 868, 869 (Mo.App.1991), *Lydic v. Manker*, 789 S.W.2d 129, 131 (Mo.App. 1990). Mother argues *Newton* is distinguishable from the current case because the contacts with Missouri in the current case are less than the those in *Newton*. However, the *Newton* opinion does not de-

tail the contacts. Because the cases are almost identical factually, we find *Newton* controlling.

 In the current case, the original dissolution decree, which includes custody arrangements, was entered in Missouri. Father continued to live in Missouri. Three witnesses at the modification hearing are residents of Missouri and a portion of the children's school records used to prove changed circumstances were also located in Missouri. Although Tennessee may have had concurrent jurisdiction, we find the law and the facts support a finding of subject matter jurisdiction in this case.

 Mother also challenges the courts personal and subject matter jurisdiction to enter the temporary restraining order. The issue is moot, therefore, this point fails. *See In re Surety Ins. Co. of California*, 624 S.W.2d 487 (Mo.App.1981). "In terms of justiciability, a case is moot, therefore, if a judgment rendered on the subject matter has no practical effect upon an existent controversy." *Grogan v. Hays*, 639 S.W.2d 875, 877 (Mo.App.1982). By its own terms, the order expired before this appeal was instituted. Assuming, without deciding, there was a valid jurisdiction issue, a decision of this court cannot grant relief to Mother. She appeared and defended the motion to modify. Therefore, the issue is moot and we cannot decide such issues.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.