158 S.W.3d 319 (2005)
STATE of Missouri ex rel. DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, and Khaleb Lee Holder, by Karen Louise Salmon as next friend, and Karen Louise Salmon, Relator,
v.
The Honorable Stephen HUDSON, Associate Circuit Judge, Third Circuit of Grundy County, Respondent.
No. WD 64345.
Missouri Court of Appeals, Western District.
March 29, 2005.
*321 Kris Teena Daniel, Brookfield, for appellant.
Jack N. Peace, Trenton, for respondent.
Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and LISA WHITE HARDWICK, JJ.
JAMES M. SMART, JR., Judge.
This is an original action in prohibition in which the Missouri Department of Social Services, Division of Child Support Enforcement, seeks to prohibit the Honorable Stephen Hudson from proceeding further on a counter-petition brought by Delbert Jackson. The counter-petition was filed in response to the State's petition to establish paternity and child support, brought on behalf of the minor child Khaleb Lee Holder and his mother Karen Salmon. Because we hold that the court lacks subject matter jurisdiction to proceed on the counter-petition, we order that the preliminary order in prohibition be made absolute.

Factual and Procedural Background
The background facts are not disputed. In October 1987, Karen Salmon (Mother) lived and worked in Grundy County, Missouri. During that time period, Mother and Delbert Jackson (Father) engaged in a sexual relationship. As a result, the minor child at issue here, Khaleb Holder, was born in July 1988. Mother later moved to Texas with Khaleb.
In September 2003, pursuant to the Uniform Interstate Family Support Act (UIFSA), codified at §§ 454.850-454.997,[1] the Missouri Division of Child Support Enforcement (DCSE) brought a "Uniform Support Petition" in Grundy County Circuit Court. The petition named Father as the respondent and requested the establishment of paternity and an order for child support, medical coverage, and additional *322 costs. The uniform support petition form, which Mother completed while living in Texas, indicated that Khaleb was born in Missouri, but that he had been living in Texas since October 1992.
Father filed a motion to dismiss the petition. The court denied the motion to dismiss and ordered Father to file an answer within twenty days. In the interim, the court ordered blood tests to determine paternity. According to Father's affidavit, the blood tests established that Delbert Jackson (Father) is the child's father. Father timely filed his answer and included a counter-petition in which he requested that the court: (1) establish paternity; (2) grant him sole care, custody and control of the minor child, with reasonable visitation rights to Mother; and (3) order Mother to pay child support retroactive to the filing of the counter-petition.
DCSE filed a motion to dismiss the counter-petition on the ground that the court had no personal jurisdiction over Mother with regard to the claims in the counter-petition. After a hearing, the court determined that the court did have personal jurisdiction over Mother because she had submitted to jurisdiction by filing the Uniform Support Petition in the court. The court held that Father could proceed with his counter-petition in the underlying action.
DCSE then filed a petition for writ of prohibition in this court, seeking to prevent Judge Hudson from proceeding further with the claims in Father's counter-petition on the grounds that the court lacked personal jurisdiction over Mother pursuant to section 454.912 of the UIFSA. This court ordered Respondent to file suggestions in opposition showing why the requested relief should not be granted. Following receipt of the suggestions in opposition, a temporary writ of prohibition was granted.
The cause was briefed and argued before this court for a determination as to whether the temporary writ should now be made permanent.

Writs of Prohibition
An extraordinary writ of prohibition may be granted when it is clear that a trial court is exceeding its jurisdiction. See State ex rel. Mo. Gaming Comm'n v. Kinder, 896 S.W.2d 514, 516 (Mo.App.1995). The primary function of prohibition is to limit judicial activities to those within the bounds of "authority, preventing actions in want or in excess of the court's jurisdiction." State ex rel. Lopp v. Munton, 67 S.W.3d 666, 670 (Mo.App.2002). Prohibition is an appropriate remedy where the lower court lacks either personal or subject matter jurisdiction to proceed. Id.; State ex rel. Havlin v. Jamison, 971 S.W.2d 938, 939 (Mo.App.1998).

Arguments
The parties argue primarily about issues of personal jurisdiction rather than subject matter jurisdiction. DCSE's primary argument in favor of the writ is that the court lacks personal jurisdiction over Mother to proceed on the counter-petition based on the limited immunity provided to her by section 454.912(a) of the UIFSA. That section provides in relevant part that "[p]articipation by a petitioner in a [UIFSA] proceeding ... does not confer personal jurisdiction over the petitioner in another proceeding" (emphasis added). DCSE contends that the claims in Father's counter-petition constitute "another proceeding." While we assume that DCSE's interpretation of the language "another proceeding" is correct,[2] we need not decide *323 the issue of personal jurisdiction because we determine that the trial court lacks subject matter jurisdiction of the custody and visitation claims asserted by Father.

Subject Matter Jurisdiction
In Father's counter-petition, he requested that the court: (1) establish paternity; (2) give him sole care, custody, and control of the minor child, with reasonable visitation rights to Mother; and (3) order Mother to pay child support retroactive to the filing of Father's counter-petition.
DCSE has also requested establishment of paternity. Both DCSE (in behalf of Mother and Khaleb) and Father seek to establish Father's parentage of the minor child.[3] Thus, we assume there is both subject matter jurisdiction and personal jurisdiction over Mother as to the declaration of paternity.[4]
Next, Father requests child support from Mother "retroactive to the filing of the counter-petition." Because Mother has had and continues to have sole custody of the child (at least until a custody determination can be made in the proper forum), there is no subject matter jurisdiction by which to award Father child support, retroactive or otherwise. The issue of personal jurisdiction over Mother is moot as to that point.
We turn, then, to the issue of whether the circuit court has subject matter jurisdiction over the child custody claim in Father's counter-petition. In Missouri, subject matter jurisdiction over child custody disputes, including modification motions, is governed by the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 452.440 to 452.550. Steele v. Steele, 978 S.W.2d 835, 837 (Mo.App.1998); State ex rel. Laws v. Higgins, 734 S.W.2d 274, 277 (Mo.App.1987). The provisions of the UCCJA dictate which State has jurisdiction over a child to establish or modify child custody orders. The UIFSA deals strictly with child support and paternity/parentage issues.
It is implicit in the UCCJA that the trial court is to make an initial determination of jurisdiction by express findings of fact before proceeding to the substantive issue of custody. Piedimonte v. Nissen, 817 S.W.2d 260, 266 (Mo.App.1991). The authority of a court under the UCCJA to hear a particular custody determination is a matter of subject matter jurisdiction. Laws, 734 S.W.2d at 279. Such jurisdiction may not be waived, may not be conferred by consent of the parties, must be based upon the circumstances at the time the jurisdiction is invoked, and may be raised at anytime. Id.; Lavalle v. Lavalle, 11 S.W.3d 640, 651 (Mo.App.1999).
To determine if a Missouri court has subject matter jurisdiction over a custody proceeding, we look to section 452.450 of Missouri's version of the UCCJA. McClain v. Chaffee, 894 S.W.2d 719, 721 (Mo.App.1995). Section 452.450.1 provides four bases for jurisdiction to determine child custody. It states:
A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination *324 by initial or modification decree if:
(1) This state:
(a) Is the home state of the child at the time of commencement of the proceeding; or
(b) Had been the child's home state within six months parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
(a) The child and his parents, or the child and at least one litigant, have a significant connection with this state; and
(b) There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and:
(a) The child has been abandoned; or
(b) It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse, or is otherwise being neglected; or
(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.
§ 452.450.1. Because the various bases of jurisdiction are stated in the disjunctive, jurisdiction may be predicated on any of the four subsections. McClain, 894 S.W.2d at 721. According to Father, the Missouri court has jurisdiction under section 452.450.1(2), and perhaps also under subsection (4). Those subsections are commonly referred to, respectively, as the "significant connection" basis and the "default or vacuum" basis. See Wheeler v. Winters, 134 S.W.3d 774, 778 (Mo.App.2004). As the party seeking to assert jurisdiction, Father has the burden of establishing a prima facie basis for jurisdiction. See State ex rel. Rashid v. Drumm, 824 S.W.2d 497, 505 (Mo.App.1992).

Substantial Evidence Basis
The jurisdictional requirements of the UCCJA are designed to increase the probability that a custody decision will be in the child's best interests by vesting the decision in the state with the greatest access to relevant information about the child and family. Piedimonte, 817 S.W.2d at 269. As a general rule, this would be the child's home state. Id. at 270. Subsection (2) of section 452.450.1 is intended to cover the "unusual circumstances which would confer jurisdiction in a state other than the home state." N.W. by M.G. v. B.W., 716 S.W.2d 278, 282 (Mo.App.1986).
Father argues that it is in Khaleb's best interest that the Missouri court assume jurisdiction over the custody proceeding in this case because (1) both the child and Father have a "significant connection" with Missouri and (2) "substantial evidence" concerning the child's care, protection, training, and personal relationships is available in this state. According to Father, both Father and child have significant connections with Missouri because Khaleb was conceived and born in Grundy County, Missouri, and because Father and his family are all residents of Missouri. Substantial evidence concerning the child's future care, protection, training, and personal *325 relationships is available in Missouri, Father says, because he "has the right to request visitation and custody of Khaleb which would all occur in Missouri."
The best interest of the child, as used in section 452.450.1(2), is served when the forum has optimum access to relevant evidence about the child and family. Laws, 734 S.W.2d at 278. Thus, "[t]here must be maximum rather than minimum contact with the state." Id."The mere fact that [the child] was born here is of little or no significance." Bounds v. O'Brien, 134 S.W.3d 666, 670 (Mo.App.2004). In Bounds, where both parents resided in Missouri but the child did not, the court held: "The fact that his parents both reside here cannot, by itself, constitute a `significant connection' for purpose of our analysis because if it was, jurisdiction could be predicated on this ground in virtually any case where one parent was a resident." Id. Such would be the case here, where only Father resides in the state.
Apart from being born here, it appears that the child has had no contact with the state of Missouri for well over ten years. Thus, there is no "significant connection" between the child and the State of Missouri. Nor is there any indication that "substantial evidence concerning the child's future care, protection, training, and personal relationships" is available here. To find that such evidence exists simply because Father seeks custody and visitation of the child would render this requirement satisfied in every custody case filed in any forum. We conclude that here, as in Bounds,"[v]irtually no current information about the child, his development or his personal relationships can be found in Missouri." Id. It is, therefore, not in the child's best interest that the Missouri court assume jurisdiction over the custody proceeding in this case.

Default or Vacuum Basis
Father seems to imply that the "default or vacuum" basis may alternatively afford jurisdiction to the Missouri court. Under that provision, the court may assume jurisdiction if it appears that no other state would have jurisdiction under the Act, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody, and it is in the best interest of the child that the circuit court assume jurisdiction. Id. at 671.
Father asserted in a filing dated August 20, 2004, that Khaleb was, at that time, living in Arizona and had lived there for a "short time." Father again asserts in his brief that "[Mother] and Khaleb no longer reside in Texas." He says that Texas, therefore, would not be in a position to assert jurisdiction over Khaleb, since he does not reside there and no longer has any connection with Texas. He further asserts that "Khaleb has resided in Arizona for a short period of time, so that it would not be in [ ] Khaleb's best interest for Arizona to assert jurisdiction over Khaleb." Father implies that because of this, no other state would exercise jurisdiction over the custody proceeding and that Missouri, therefore, should have jurisdiction to make the custody determination pursuant to section 452.450.1(4).
"The general rule is that a court's acquisition of jurisdiction over a case depends on the facts existing at the time its jurisdiction is invoked." Laws, 734 S.W.2d at 278 (citing 20 AM.JUR.2D Courts § 142 (1965)). "[N]othing in the act ... indicate[s] that jurisdictional requirements may be established during the pendency, as opposed to the commencement, of the proceedings." Id. Here, Khaleb was living with his Mother in Texas when the support petition was filed. There is no indication that Texas, as the home state of the child *326 at the commencement of the proceedings, and thus the forum with jurisdiction under the Act to adjudicate the custody of the child, would refuse that role. Texas has enacted the UCCJA.[5]
Missouri courts lack subject matter jurisdiction under which to proceed on the custody issue because none of the requirements of section 452.450.1 of the UCCJA are met. Because there is no subject matter jurisdiction over the custody claim, we need not decide whether or not the court may exercise personal jurisdiction over Mother pursuant to the UIFSA.
Father's argument that Mother has availed herself of the privileges of the State of Missouri, thereby subjecting herself to personal jurisdiction under section 454.857 and section 210.829(2) by engaging in sexual intercourse in the State of Missouri, also is beside the point. Again, Father is talking about personal jurisdiction over Mother, not subject matter jurisdiction for a custody determination. Section 210.829.1 states that an action brought under the Uniform Parentage Act (UPA) "may be joined" with an action for "dissolution of marriage, annulment, separate maintenance, support, custody or visitation." However, the Act does not purport to create subject matter jurisdiction for such other actions. Section 210.841.3 simply provides that a judgment in a UPA proceeding "may contain any other provision directed against the appropriate party to the proceeding" concerning support, custody, visitation, the furnishing of a bond, or "any matter in the best interest of the child." Again, this provision does not appear to create subject matter jurisdiction. It simply specifies what may be included in a judgment when the UPA action is joined with other actions. Moreover, section 454.999 provides that in a proceeding under UIFSA, no provisions of the UPA shall be applicable except for section 210.822 (presumption of paternity) and section 210.834 (dealing with blood tests). Therefore, Father's arguments concerning personal jurisdiction are without merit.
In view of all the foregoing, it seems clear that the UCCJA  rather than the UPA or the UIFSA  should be construed as controlling the matter of subject matter jurisdiction of custody disputes. Any other interpretation would undermine the purposes of both the UCCJA and the UIFSA. Evidence of this can be found in the Comment to Section 314(a) in the original version of the UIFSA. Missouri's version of this provision is section 454.912(a), the statute on which DCSE relies to assert that Mother, as the petitioner in a UIFSA case, has limited immunity from personal jurisdiction as to the claims in Father's counter-petition. The comment states that the "primary object" of the prohibition against conferring personal jurisdiction over a UIFSA petitioner in "another proceeding" is "to preclude joining disputes over child custody and visitation with the establishment, enforcement, or modification of child support." The comment further notes that the "prohibition strengthens the ban on visitation litigation established in Section 305(d)."
Although we have no Missouri case directly on point, we note that the Supreme Court of Colorado also reached the conclusion in a UPA case that subject matter jurisdiction over custody was governed by the UCCJA. Nistico v. District Court, 791 P.2d 1128 (Colo. banc 1990). In that case, the father, a resident of Colorado, brought an action in Colorado seeking a declaration of parentage, custody, visitation, support, and other things. The action was brought under the UPA. Mother and child lived in California. The child was conceived in Colorado. Id. at 1128. *327 Mother admitted the parentage, but sought to dismiss the other claims in the petition on grounds of lack of subject matter jurisdiction. When the trial court declined to dismiss, Mother sought a writ. Id. at 1129. The Colorado Supreme Court granted the writ, holding that, under the UCCJA, the court in the child's home state of California was the only court with jurisdiction to address issues related to custody and visitation. Id. at 1130-32.
Some other cases have discussed the distinctions between the UCCJA and the UIFSA, indicating that there can be jurisdiction under the UIFSA to adjudicate child support while the subject matter jurisdiction to adjudicate custody remains exclusively in another state under the UCCJA. See, e.g., McNabb ex rel. Foshee v. McNabb, 31 Kan.App.2d 398, 65 P.3d 1068 (2003); In re Hattenbach, 999 S.W.2d 636 (Tex.App.1999); In re Abu-Dalbouh, 547 N.W.2d 700 (Minn.App.1996).
Father claims that it is somehow unfair not to require Mother to answer his custody claims here, in Missouri, where he resides. Under section 452.450.1(2), "jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state." Payne v. Weker, 917 S.W.2d 201, 204 (Mo.App.1996) (Emphasis in original). Father's contentions as to fairness should be addressed to the General Assembly, as we only have authority to apply existing law.

Conclusion
For the foregoing reasons, we order that the preliminary writ of prohibition be made absolute.
ULRICH and HARDWICK, JJ., concur.
NOTES
[1] Unless otherwise noted, all statutory references are to Revised Statutes of Missouri 2000.
[2] See Comment to § 314(a) of the 1996 Uniform Interstate Family Support Act, National Conference of Commissioners on Uniform State Laws. Section 314(a) of UIFSA corresponds to section 454.912(a), RSMo 2000.
[3] An affidavit signed by Father acknowledges that the blood test determined that he was the child's father.
[4] Mother, however, is not required to appear personally in court. § 454.917(a).
[5] See Tex. Fam.Code Ann. §§ 152.001 to 152.317 (1999).