Melissa Elaine PIRISKY, Appellant,

v.

Adrian Dennis MEYER, Respondent.

No. SC 86594.

Supreme Court of Missouri,
En Banc.

Nov. 22, 2005.

Allen E. Moss, Jr., Cape Girardeau, for Appellant.

Diane C. Howard, Cape Girardeau, for Respondent.

RONNIE L. WHITE, Judge.

## I.

Melissa Elaine Pirisky (Mother) challenges the judgment of the Circuit Court of Cape Girardeau awarding Adrian Dennis Meyer (Father) custody of their minor child. This Court has jurisdiction, Mo.

Const. art. V, sec. 10. The judgment is affirmed.

## II.

Mother dissolved her marriage with Father on May 20, 1994. At the time of the dissolution the parties resided near Cape Girardeau, Missouri, and the Circuit Court of Cape Girardeau appropriately exercised jurisdiction over the matter. Mother and Father were awarded joint legal custody of their minor child. Mother was awarded primary physical custody, and while Father was allowed frequent visitation, the initial judgment did not set a specific visitation schedule beyond the child's fifth birthday. Father was, and continues to be, on active duty with the United States Air Force. Although he maintains his residency in Missouri, Father must adjust his schedule for child visitation based upon the varying location and duration of his active duty assignments.

Almost immediately following the court's original 1994 decree, Mother refused Father visitation and he had to obtain an order of enforcement to see his child prior to reporting to an overseas duty station. In 1996, Mother and child relocated to Tucson, Arizona. In 2002, at the age of twelve, the child expressed an interest in residing with Father, prompting Mother to prohibit the child from having any contact with Father. In June 2003, Father obtained a modification order from the Missouri court awarding joint physical custody and setting out specific periods of visitation.

Mother still refused to allow visitation and in October 2003, Father filed another motion to modify in Cape Girardeau seeking a change in physical custody based upon Mother's interference with visitation and because of Mother's efforts to alienate the child's affection. Mother sought assumption of jurisdiction over this action by the Pima County Superior Court, but the Arizona court declined jurisdiction. Mother failed to appear and defend in the Missouri modification action, and in a default ruling the Circuit Court of Cape Girardeau found in favor of Father and awarded him full legal and physical custody.

## III.

Mother challenges the judgment of the Cape Girardeau Circuit Court claiming that it lacked subject matter jurisdiction to enter its order of modification pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA).[1] "Jurisdiction under the UCCJA to hear custody matters is characterized as subject matter jurisdiction, which may not be waived, and may not be conferred by consent of the parties and must be based upon circumstances at the time the court's jurisdiction is invoked."[2]

There are only two states that would have jurisdiction of this case pursuant to the UCCJA; Arizona, the minor child's home state where he had resided with Mother since 1996, and Missouri, Father's residence and the jurisdiction where the initial custody decree and subsequent enforcement and modification orders were issued.[3] Arizona declined to assume jurisdiction and under that circumstance, the appropriate test for jurisdiction is found in section 452.450.1(4), which provides:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody de-

---

1. Sections 452.440 et seq. All statutory citations are to RSMo 2000 unless otherwise noted.

2. *Lavalle v. Lavalle,* 11 S.W.3d 640, 651 (Mo. App.1999).

3. Section 452.450.

termination by initial **or modification decree if:**

\* \* \*

(4) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivision (1), (2), or (3), **or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.**

Under section 452.450.1(4) while the physical presence of the child is insufficient alone to confer jurisdiction, it is also not required.[4]

Mother contends that when the Arizona court declined to exercise jurisdiction that it failed to make a specific finding that it did so because Missouri would be the more appropriate forum and that the lack of this specific finding is fatal to Missouri assuming jurisdiction. Mother also asserts that the best interests of the child would only be satisfied in a forum where the child has maximum contacts with the forum state and that insufficient contacts exist for Missouri to assume jurisdiction.[5]

■ Contrary to Mother's assertions, section 452.450.1(4) does not contain an express requirement for a specific finding for why the Arizona court declined jurisdiction. It is not only implicit in the Arizona order that Missouri would be the more appropriate forum, but the UCCJA instructs that as long as sufficient contacts

remain with the forum issuing the original child custody or modification order that any competing forum should defer to that jurisdiction in additional custody actions to achieve stability in the law and avoid forum shopping.[6] The "sufficient" or "maximum contacts" requirement in this instance is satisfied by Father having maintained his Missouri residency; the fact that Missouri was the jurisdiction where the original and subsequent custody and modification decrees were issued; and because the only other forum that could adjudicate custody had declined jurisdiction.[7] This Court finds the law and the facts support a finding of subject matter jurisdiction in this case.

■ Mother claims alternatively that the circuit court abused its discretion when denying her motion to set aside the default judgment or grant a new trial for "good cause" or excusable neglect.[8] On November 10, 2003, 57 days before the January 6, 2004 trial, Mother was personally served with the motion to modify. On December 10, 2003, the Arizona court overruled Mother's motion for it to assume jurisdiction of the matter. On December 30, 2003, Mother consented to the withdrawal of her Arizona attorney in a signed statement acknowledging that she understood that failure to respond or appear in Missouri could result in a default judgment. Mother made two requests for additional time, which were denied. Mother was fully informed of the consequences of failing to appear or in failing to retain Missouri counsel to appear on her behalf. Mother's

4.  Section 452.450.2 and 3.

5.  See *State ex rel. Rashid v. Drumm,* 824 S.W.2d 497, 503 (Mo.App.1992); *In re Marriage of Dooley,* 15 S.W.3d 747, 757 (Mo.App. 2000).

6.  Commissioners' Notes, UCCJA § 14(a), 9 U.L.A. 580; and UCCJEA (Adopted by Ari-

zona) §§ 202 U.L.A. 673–674 & 207 U.L.A. 682–683 (Master ed.1999).

7.  *Dobbs v. Dobbs,* 838 S.W.2d 502, 503 (Mo. App.1992); *Newton v. Newton,* 811 S.W.2d 868, 869 (Mo.App.1991), *Lydic v. Manker,* 789 S.W.2d 129, 131 (Mo.App.1990).

8.  See Rules 74 and 75.

willful disregard of the process of the court does not constitute "good cause" or "excusable neglect." [9]

## IV.

The judgment is affirmed.

---

**9.** Rule 74.05(d) provides that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." "Excusable neglect" pursuant to Rule 74.06, is defined as: "Failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Nandan v. Drummond,* 5 S.W.3d 552, 556 (Mo.App. 1999).