Felicity Ann LALLIER,
Petitioner/Respondent,

v.

Bruce LALLIER,
Respondent/Appellant.

No. ED 86929.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 2006.

Nicholas Barrett Braun, St. Louis, MO, for appellant.

Leonard J. Frankel, St. Louis, MO, for respondent.

SHERRI B. SULLIVAN, Judge.

*Introduction*

Bruce Lallier (Father) appeals from a default judgment dissolving Father's mar-

riage to Felicity Ann Lallier (Mother) and awarding Mother custody of the parties' two children. Father argues that the trial court did not have jurisdiction to enter the judgment. We affirm in part and remand with directions in part.

*Factual and Procedural Background*

Father and Mother were married in October 1996 in New Zealand. The parties separated in January 2005. Two children (Children) were born of the marriage in March 1997 and November 1998. On January 26, 2005, Mother moved with Children to Missouri.

On May 13, 2005, Mother filed a Petition for Dissolution of Marriage (Petition) as well as a Request for Appointment of Process Server. The Petition alleged that Father lived in New Zealand at "28 Whites Line West, Lower Hutt" and that Children were born in New Zealand and lived with the parties in Dallas, Texas from December 2001 to December 2002, in New Zealand from December 2002 to July 2003, and in Garland, Texas from January 2003 to January 2005. The Petition also alleged that Mother had no information of any custody proceeding concerning Children in a court of Missouri or any other state.

The Summons for Service Outside the State (Summons) stated Father's address as 28 Whites Line West, Lower Hutt, New Zealand. On June 6, 2005, Mother filed a Return of Service, including a notarized Officer's Affidavit of Service (Affidavit) and an attached letter from A.G. (Tony) Lowe (Lowe). The Affidavit indicated that Lowe, a process server, served Father personally with a copy of the Summons and the Petition on May 31, 2005 within the County of Lower Hutt in the State or Territory of New Zealand. The letter, dated June 3, 2005, indicated that Lowe

served Father with the documents at 8:56 p.m. on Tuesday May 31, 2005 at 28 Whites Line West, Lower Hutt, and that Father "freely acknowledged his identity and accepted the documents."

Father failed to file any pleading in response to the Petition. On July 5, 2005, the trial court entered an Interlocutory Order of Default pursuant to Rule 74.05.[1] On July 11, 2005, a hearing was held on Mother's Petition. Father failed to appear. Mother testified that she has lived in Missouri with Children since January 2005 and that at the time of the hearing, she believed Father lived in Dallas, Texas, though she did not have an address for him. Mother also testified that at the time the parties separated, they had lived with Children in Garland, Texas for about two years. Mother further testified that she understood that Father had filed a petition for dissolution in Texas but that she had not been served regarding that proceeding.

After the hearing, the trial court entered a judgment dissolving the parties' marriage and dividing the parties' property located in Missouri. The court attached to the judgment a Parenting Plan and a Form 14. The judgment awarded primary physical and legal custody of Children to Mother. Although the Form 14 calculations resulted in a presumed child support amount of $1,307 to be paid by Father, the court did not order child support or maintenance "at this time."

On August 8, 2005, Father filed a Motion for Relief from Judgment (Motion) pursuant to Rule 74.06 alleging that the judgment was void for lack of jurisdiction. Father executed the Motion in New Zealand. Subsequently, Father filed a memorandum of law in support of his Motion. On August 18, Mother filed a memoran-

---

1. All rule references are to Mo. R. Civ. P.2005, unless otherwise indicated.

dum of law in opposition to the Motion and an amended "Affidavit of Lowe," which included the information from his June 3 letter stating the time and place on service of Father.

On September 6, 2005, a hearing was held on Father's Motion. Father was not present. Mother testified that she moved to Missouri with Children on January 26, 2005, that she had no intention of returning to Texas to live, and that when she moved to Missouri, she was making St. Louis her permanent residence. Mother also testified that at the time of the hearing, she believed Father lived in New Zealand and that he telephoned Children once every day or two. The trial court stated that it understood there was a proceeding in Texas at that time involving the same issues.[2] Father's counsel confirmed that a proceeding to dissolve the parties' marriage and to determine child custody and child support issues was pending in Texas awaiting a decision from the trial court and that Mother had been served regarding this proceeding. After the hearing, the trial court entered a judgment denying Father's Motion and stating that the court "asserted proper jurisdiction over the parties."

### Discussion

Father raises three points on appeal. In his first point, Father argues that the trial court was without subject matter jurisdiction to enter the judgment dissolving the parties' marriage because the Affidavit was incomplete on its face in that it did not state the time and place of service of Father.

Rule 54.20(b)(1) provides:

Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made. The court may consider the affidavit *or any other evidence* in determining whether service has been properly made.

(Emphasis added).

Although the Affidavit on its face did not state the time and place of service, the letter attached to and filed with the Affidavit stated this information. Under Rule 54.20(b)(1), the trial court could consider the letter as "other evidence" in determining whether service had been properly made, and we conclude that the letter was sufficient "other evidence" to show that service had been properly made. Accordingly, the trial court had subject matter jurisdiction to enter the judgment dissolving the parties' marriage. Father's point one on appeal is denied.

In his second point on appeal, Father argues that the trial court erred in not making express findings of fact in its judgment upon which subject matter jurisdiction to determine child custody could be based.

In Missouri, jurisdiction in child custody cases is governed by the Uniform Child Custody Jurisdiction Act (UCCJA), Sections 452.440 through 452.550.[3] It has been observed that *it is implicit in the*

---

**2.** We note that we are unable to discern from the record whether or not the trial court made any inquiry regarding any possible proceedings pending in Texas, as may have been required by subsections 2 and 3 of Section 452.465 RSMo 2000.

**3.** All statutory references are to RSMo 2000, unless otherwise indicated.

**516**

scheme of the UCCJA that the trial court should make an initial determination of jurisdiction by express findings of fact before proceeding to the substantive issue of custody. *Bounds v. O'Brien,* 134 S.W.3d 666, 670 (Mo.App. E.D.2004). Thus, a ruling of jurisdiction by a court that is merely conclusory or that assumes jurisdiction, but is tacit as to the factual basis for that adjudication, does not meet the objectives of the UCCJA. *Id.* The trial court made no express findings of fact as to the factual basis for its assumption of jurisdiction under the UCCJA. Further, there is insufficient evidence in the record for us to determine proper jurisdiction under the UCCJA. Therefore, we remand to the trial court with directions to enter findings of fact as to the factual basis for its assumption of jurisdiction under the UCCJA. In so doing, the court may receive further evidence. Father's point two on appeal is granted.[4]

*Conclusion*

The judgment of the trial court is affirmed in part and remanded with directions in part.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.

---

4. In light of our ruling under Father's point two on appeal, we do not address his point three on appeal, which argues that the trial court was without subject matter jurisdiction to enter the judgment awarding Mother custody of Children and that the Texas court had subject matter jurisdiction to determine the issue of child custody under the UCCJA.