**Theresa SCHOENECKE, Appellant,**

v.

**Brent SCHOENECKE, Respondent.**

**No. WD 67564.**

Missouri Court of Appeals, Western District.

Aug. 14, 2007.

Stephen Charles Pratte, Columbia, MO, for appellant.

Thomas Bradford Snider, Jefferson City, MO, for Respondent.

Before RONALD L. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and JAMES M. SMART, JR., JJ.

JAMES M. SMART, JR., Judge.

Theresa Schoenecke appeals the trial court's dismissal of her petition for dissolution of her marriage to Brent Schoenecke. The court dismissed the petition on the basis that it lacked jurisdiction over the children of the marriage. We vacate the judgment and remand with instructions.

### Statement of Facts

The relevant facts are derived from the legal file and the non-disputed statements in the parties' briefs. The parties were married on April 8, 2000, in Oklahoma. Two years later, their first child was born in Oklahoma. A little over a year later, in September 2003, the family moved to Missouri. Two months after moving to Missouri, the couple's second child was born. A third child was born in Missouri on October 26, 2005. The family continued to reside in Missouri until sometime in late November 2005 when the parties separated. On November 29, Father took the three children to live in Oklahoma, where they have remained since.

Shortly after the separation, on December 13, 2005, Mother filed her petition for dissolution of marriage. In it, she alleged, *inter alia*, that Missouri has jurisdiction to determine the children's custody and visitation under the Uniform Child Custody Jurisdiction Act (UCCJA), section 452.440, *et seq.*[1] Mother averred that: (1) Missouri is the children's "home state" under the Act, in that they had lived in Missouri for six months prior to the filing of the petition and had only recently been removed from the state by Father without Mother's permission; (2) Mother continues to live in Missouri; and (3) it is in the children's best interest that Missouri assume jurisdiction, because the children and Mother have a significant connection with the state, and substantial evidence concerning the children is available here. Mother also alleged that she had no knowledge of any custody proceeding concerning the children in this or any other state, except for a proceeding for separate maintenance in Lincoln County, Oklahoma.[2]

Father filed an answer and a counter-petition for dissolution in February 2006, in which he initially admitted Mother's allegations regarding jurisdiction. Father filed a "First Amended Answer" on June 5, 2006, in which he denied Mother's allegations that Missouri had proper jurisdiction over the children's issues. Father asked the court to dismiss based on that lack of jurisdiction. Father also voluntarily dismissed his counter-petition at that time. In his pleadings, Father discussed a guardianship action that was being pur-

---

1. All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

2. This is never further explained anywhere in the record on appeal.

sued by the children's paternal grandparents in an Oklahoma court. The parties state in their briefs that the petition was filed on January 23, 2006, which was *after* Mother filed her dissolution petition. We have not been provided a copy of that petition.

The Missouri court appointed a guardian ad litem for the children, and the matter was set for hearing on the question of the court's jurisdiction over the children's issues.

On July 18, according to the briefs, the court met with counsel in chambers to discuss the court's jurisdiction to hear the issues of custody, visitation, and support of the children. The "hearing" consisted only of argument from counsel. It did not include the presentation of any evidence, and no transcript of that meeting exists. At the end of the meeting, the court apparently verbally advised counsel that it lacked jurisdiction over the children's issues in that those matters should be heard by the Oklahoma court handling the guardianship action.

On July 28, Mother filed a motion for rehearing or new trial. In it, she complained about the court's failure to communicate with the Oklahoma court, as required by section 452.465, and about the court's failure to hear evidence on the matter of jurisdiction, or to create a record, before arriving at its decision. She also said the court's finding that the Oklahoma court had jurisdiction was contrary to the applicable law and the facts as set out in the parties' pleadings.

The trial court held a hearing on Mother's motion in August. The court again heard only argument from counsel. Again,

there is no transcript of that proceeding. The court overruled Mother's motion.

On September 14, 2006, the trial court issued a signed "Order" that stated:

WHEREAS, this cause came to be heard on this 13th day of June, 2006,[3] on Respondent's Motion to Dismiss and confer jurisdiction to Oklahoma, the parties appear by counsel and having heard evidence the Court finds as follows:

1. The jurisdiction over the children lies properly in the State of Oklahoma.

2. As this Court does not have jurisdiction, the matter is dismissed.

SO ORDERED.

Mother filed a second motion for rehearing, in which she complained, *inter alia,* about the contents of that order and the lack of specifics about how the court arrived at its decision that it lacks jurisdiction. The court denied that motion without a hearing.

After Mother filed her notice of appeal, the trial court entered a nunc pro tunc order amending the "Order" to a "Judgment." The text of the decision remained the same.

This appeal follows.

### Argument

Mother raises three points on appeal. She first argues that the court erred in dismissing the entire cause of action, because the court clearly had jurisdiction over the parties' marriage under sections 452.305 and 452.310. Mother next argues that the court erred in finding that it lacked jurisdiction over the matters pertaining to the children. The Missouri court had jurisdiction under section 452.450 of the UCCJA, she says, because

---

**3.** The parties seem to agree that the hearing on the issue of jurisdiction was held on July 18 rather than June 13.

Missouri is the children's "home state" and it is in their best interest that Missouri exercise its jurisdiction over the case, in that Mother and the children have significant connections with Missouri and substantial evidence about the children's welfare is available here. Finally, Mother says the court erred in dismissing the case without first communicating, pursuant to section 452.465, with the Oklahoma court concerning the guardianship petition that was filed there after Mother's petition for dissolution.

### Standard of Review

According to Mother, our review of the trial court's actions as to each of her points is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976), under which we must affirm the dismissal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.[4] Father contends that because the judgment is in effect a finding that Missouri is an inconvenient forum under section 452.470, it should be reviewed for an abuse of discretion. He cites *Griffin v. Wade,* 982 S.W.2d 330, 335 (Mo.App.1999), in which the Southern District reviewed such a dismissal for an abuse of discretion.

Because we are unable to determine the basis for the court's decision to dismiss the cause of action, we are unable to properly determine and apply the appropriate standard of review. As explained *infra,* however, it is not necessary to do so in order to resolve the matter.

### Analysis

Father concedes Mother's first two points. He agrees that the trial court had jurisdiction over the dissolution of the parties' marriage. He also agrees, without much elaboration, that the court had jurisdiction over the child custody elements of Mother's petition, pursuant to section 452.450 of the UCCJA. As with other types of subject matter jurisdiction, however, jurisdiction under the UCCJA may not be waived, nor can it be established by consent of the parties. *See Pirisky v. Meyer,* 176 S.W.3d 145, 146 (Mo. banc 2005); *State ex rel. Laws v. Higgins,* 734 S.W.2d 274, 279 (Mo.App.1987).

Based on the limited information available in the parties' briefs and the pleadings, it appears that the Missouri court would have had jurisdiction over the dissolution proceedings. Mother's pleadings included the necessary averments required for the court to exercise such jurisdiction, under sections 452.305 and 452.310,[5] and Father does not deny the pertinent averments. We do not know why the court declined to exercise jurisdiction over the dissolution.[6]

It also appears, based on Mother's pleadings and Father's concessions in his brief, that the Missouri court may have had jurisdiction over the children's issues under the "home state" provisions in section 452.450 of the UCCJA. Section 452.450.1(1)(b) provides that

A court of this state which is competent to decide child custody matters has ju-

---

4. Despite her citation of *Murphy,* in all of Mother's points relied on, she asserts that the trial court erred by abusing its discretion.

5. It does not appear from the copy of the petition provided us that Mother included social security numbers for the parties or the children, as is required by section 452.310.2(6).

6. It is significant to note that under section 452.470.5, the court may *"retain[ ] jurisdiction over the dissolution of marriage or other proceeding,"* even while declining to exercise jurisdiction under the UCCJA. (Emphasis added.)

risdiction to make a child custody determination ... if: (1) This state: .... (b) Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state for any reason, and a parent or person acting as parent continues to live in this state[.]

Mother's pleadings indicate that Missouri would have been the children's "home state" under that provision, because they had lived in Missouri for six months prior to the filing of Mother's petition and had only recently been removed from the state by Father, and Mother still resides in the state. However, Father's *pleadings* would indicate otherwise. In his first amended answer, Father denies all of Mother's allegations that would confer jurisdiction over the children's issues on the Missouri court. The trial court's judgment is not helpful, because it does not specifically address the question of jurisdiction under the UCCJA. Based on the limited information available, it is not possible for this court to make that determination.

Father contends that even if the Missouri court had jurisdiction over the dissolution and the children's issues, various provisions of the UCCJA indicate that the court's exercise of that jurisdiction is not mandatory. One of those provisions is section 452.470, which permits the court to dismiss or stay a proceeding upon a finding that Missouri is an "inconvenient forum." Section 452.470.4.

Father says the court's finding that "jurisdiction over the children lies properly in the State of Oklahoma," is in essence a finding that the Missouri court was an inconvenient forum, pursuant to section 452.470. That statute provides in relevant part that

[a] court which has jurisdiction under this act to make an initial or modification decree *may decline to exercise its jurisdiction* any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

Section 452.470.1 (emphasis added). We note, in passing, that this language would indicate that the court must first determine whether or not it has jurisdiction under the provisions of the UCCJA before it can consider the question of whether Missouri is an inconvenient forum. *See also Stewart v. Stewart,* 905 S.W.2d 114, 118 (Mo.App.1995); *Piedimonte v. Nissen,* 817 S.W.2d 260, 271–72 (Mo.App.1991).

According to Father, *"it can easily be inferred"* from the judgment that the court declined to exercise its jurisdiction to make a custody determination because it believed that Oklahoma was a more appropriate forum for that determination. Father also dismisses Mother's argument that the court erred in not holding a hearing at which evidence could be presented on the record, because, he says, there is no requirement in section 452.470 that the court do so. Thus, Father's entire brief revolves around his proposition that "it can easily be inferred" that the decision was based on a finding that Missouri is an inconvenient forum.

We do not agree that this is so "easily" ascertainable from the judgment, which states only that

1. The jurisdiction over the children lies properly in the State of Oklahoma.

2. As this Court does not have jurisdiction, the matter is dismissed.

Jurisdiction over child custody cases in Missouri is governed by the Uniform Child Custody Jurisdiction Act ("UCCJA"), sections 452.440 through 452.550. *Bounds v. O'Brien,* 134 S.W.3d 666, 670 (Mo.App. 2004). Missouri courts have repeatedly

observed that "it is implicit in the scheme of the UCCJA that the trial court should make an initial determination of jurisdiction by express findings of fact before proceeding to the substantive issue of custody." *Id.; See also Piedimonte,* 817 S.W.2d at 266; *Laws,* 734 S.W.2d at 277. Therefore, "a ruling of jurisdiction by a court that is merely conclusory or that assumes jurisdiction, but is tacit as to the factual basis for that adjudication, does not meet the objectives of the [UCCJA]." *Bounds,* 134 S.W.3d at 670. Among those objectives are "the avoidance of jurisdictional competition and conflict, cooperation among state courts, and the deterrence of abduction and other unilateral removals of children." *Laws,* 734 S.W.2d at 277.

In each of the foregoing cases, the trial court made no express findings as to the factual basis for its jurisdictional determination. However, because the appellate court was able to determine jurisdiction from the factual record, the court found it unnecessary to remand for an express determination on jurisdiction. For instance, in *Bounds,* as in this case, the court did not make express findings as to the factual basis for its jurisdictional determination, nor did it hold a hearing on the matter. 134 S.W.3d at 671. Under those circumstances, the court observed, "remand would *ordinarily* be required for specific findings." *Id.* (emphasis added). The court did not remand, however, because it was able to determine jurisdiction based upon a written judgment entered in a related proceeding. *Id.* Also, in *Piedimonte,* 817 S.W.2d at 266–73, and *Laws,* 734 S.W.2d at 277, the appellate court was able to review *the record* for evidence of jurisdiction despite the absence of express findings.

In this case, unlike the cases just mentioned, not only do we not have express findings as to how the court arrived at its determination that it did not have jurisdiction, but there is no evidence from which this court can make that determination. We have no transcript—nor another judgment, such as in *Bounds*—that would assist us in gleaning those facts for ourselves. Nor do we have sufficient facts admitted by the pleadings or by stipulation to determine the necessary facts which would dictate the finding on the issue of jurisdiction. The difficulty caused by the lack of a transcript in such cases was discussed in *Hempe v. Cape,* 702 S.W.2d 152, 157 (Mo.App.1985):

> Obviously, the contentions of the parties as to whether the Missouri court had jurisdiction under § 452.450.1(2) ... can be resolved only by examining the evidence heard by the Missouri court to determine whether there was competent and substantial evidence to establish the elements necessary to confer jurisdiction under that section. It is equally obvious that we cannot examine such evidence because [the appellant] has failed to supply us a transcript. . . .
>
> . . . .
>
> From the pleadings and briefs alone, it cannot be said with assurance that [the father] would have been unable to establish jurisdiction in the Missouri court under § 452.450.1(2)[.]

In the recent case of *Lallier v. Lallier,* 190 S.W.3d 513 (Mo.App.2006), the Eastern District faced a similar problem. There, it was argued that the trial court erred in not making express findings in its judgment as to the factual basis for its assumption of jurisdiction under the UCCJA. *Id.* at 515. There, too, there was insufficient evidence in the record for the reviewing court to determine proper jurisdiction under the Act. *Id.* at 516. That court remanded to the trial court with directions to enter findings as to the factual basis for its assumption of jurisdiction

under the UCCJA. *Id.* The court also instructed that the trial court may receive further evidence in doing so. *Id.*

In this case, in addition to the absence of established facts, we also have no indication from the trial court as to the statutory provision upon which its judgment is based. Besides Father's assertion that the court's judgment is really a finding that Missouri is an inconvenient forum under section 452.470, there is also the possibility that the trial court found it lacked jurisdiction because it believed that a proceeding concerning the children's custody was already pending in the Oklahoma court. *See* section 452.465.1 (the court "shall not exercise its jurisdiction under [the UCCJA] if, at the time of filing the petition, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction [pursuant to the UCCJA]"). This possibility is supported by statements in Mother's first motion for new trial which suggest that this may have been the reason for the court's jurisdictional decision. Thus, we vacate the judgment and remand the case to the trial court with instructions for more explicit findings on the matter of jurisdiction and the statutory basis for the court's ruling.[7]

### Conclusion

For the foregoing reasons, the judgment is vacated and the case is remanded.

HOLLIGER and LOWENSTEIN, JJ., concur.

---

7. Regardless of the basis for the court's ruling, we direct the court's attention to the relevant statutory provisions that explain the court's responsibilities under the UCCJA when a proceeding concerning the same child is pending in another state, particularly sections 452.470.7 and 452.465.